## CHAS. M. RICH AND E. L. HAHN V. GRAYBAR ELECTRIC COMPANY.

No. 6615.   Decided June 26, 1935.
(84 S. W., 2d Series, 708.)

*E. A. McDaniel,* of McAllen, for plaintiff in error.

It was error, in a summary proceeding, to hold that a constable and his sureties were liable for the act of a deputy con-

stable in failing or refusing to levy upon or sell property under an execution delivered to him. J. M. Radford Gro. Co. v. Owenby, 34 S. W. (2d) 385; R. S., 1925, Arts. 3825, 6869, 6870, 6879, 6881 and 6879a, Acts of 1931, 42nd Legislature, p. 503, ch. 260.

*Fred J. Dudley,* and associate, of Dallas, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

By Article 3825 of the Revised Statutes of 1925 it is provided as follows:

"Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

The sole question for decision here is this: Can the sureties on the official bond of the constable be held liable in a summary proceeding under this article for the failure or refusal of a deputy of the constable to levy upon or sell property subject to execution?

In the petition for writ of error the question is briefly stated by counsel for plaintiffs in error as follows:

"To be very brief, our contention is that the surety upon a constable's bond is not liable for the acts of a deputy constable in the summary proceedings provided for in Article 3825."

We are cited to no authority upon the question. The argument of counsel for plaintiffs in error briefly is, that because it is expressly provided by Article 6870 of the Revised Statutes that sheriffs shall be responsible for the official acts of their deputies, and they shall have the power to require from their deputies bond and security, and because there is no such provision in the law with reference to constables, this by implication indicates a legislative intent to exempt constables from liability—so far as summary proceedings are concerned—for the official acts of their deputies.

1 It is obvious that if the constable himself is liable under Article 3825, then his sureties will be liable to the amount of his bond. Taking into consideration all of the provisions of

Title 56 of the Revised Statutes of 1925, of which Article 3825 is a part, we think it clear that such article was intended to provide for summary action against only such officials as to whom an execution might be directed under Article 3783, to-wit, "any sheriff or constable of the proper county." This being true, it follows that in this particular instance the deputy constable to whom the execution was delivered could not be held liable under Article 3825. It appears to be well settled that, "as respects the public and third persons, a sheriff or constable and not his deputy is responsible for the official defaults of the latter, statutes providing for summary remedies against officers are not available against deputies." 57 Corpus Juris, p. 981.

It follows from the foregoing that as the deputy constable could not be held liable under Article 3825, the plaintiffs in execution are without the remedy provided by this article unless they can hold a constable himself liable thereunder. We think there is no question but what he is liable under this article for the default of his deputy.

2  In 57 Corpus Juris, pp. 797 to 799, Section 194, it is said:

"For all civil purposes the acts of a deputy sheriff or constable are those of his principal, and his knowledge will be imputed to such principal, although it is otherwise as to knowledge acquired by the deputy before his appointment. Hence, in the absence of a statute relieving him from liability, or providing in terms or in effect that a right of action for a specific tort shall be against the person committing it, it is the general rule that a sheriff or constable is liable for the acts, defaults, or misconduct of the deputy done or committed in the performance of his official duties, his liability in this respect extending not only to acts of misfeasance but also to official nonfeasance."

In the recent case of Murray v. State, 67 S. W. (2d) 274, the Court of Criminal Appeals speaking through Presiding Judge Morrow said:

"It is well settled that a deputy sheriff is a public officer. Towns v. Harris, 13 Texas, 507; 45 Cor. Jur., p. 1062. He is invested by law with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. Mechem, Pub. Off., sec. 1; State v. Bus, 135 Mo., 325, 36 S. W., 636, 33 L. R. A., 616. Deputy constables are provided for by law and qualify in the same manner as deputy sheriffs. Article 6879, Revised Statutes, 1925; article 6869, Revised Statutes, 1925, as amended by Acts 1929 (1st Called Sess.) c. 113

(Vernon's Ann. Civ. St. art. 6869). They are also vested by law with some portion of the sovereign functions of the government, to be exercised by them for the benefit of the public. They are public officers clothed with the power and authority of their principals. Wilson v. State, 117 Texas Cr. R. 63, 36 S. W. (2d) 733."

So far as the nature of the duties and responsibilities of office are concerned there is no appreciable difference in law between sheriffs and constables. They each may choose their deputies. While the statute expressly gives the sheriff power to exact a bond of his deputies, there is nothing to prevent a constable from taking a bond from his deputies. So far as we have been able to determine, the relation between a constable and his deputy is exactly the same as the relation between the sheriff and his deputy, so far as the public is concerned. We therefore think that the rule of liability of a constable for neglect of official duties on the part of his deputy is exactly the same as the liability of a sheriff for acts of neglect on the part of his deputy. Article 6870 declaring sheriffs shall be liable for the official acts of their deputies is but declaratory of the common law. In the case of Heye & Co. v. Moody, 67 Texas, 615, 4 S. W., 242, the Supreme Court said:

"As between the sheriff and the deputy, of course the former can make the latter responsible for such losses or misconduct, but with this the public has no concern. It follows that as to the public, whose servants these officers are, the acts of the deputy are the acts of the principal—the possession of the former is the possession of the latter. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts both of himself and his deputy; so far as its rights and duties are concerned, they are in every respect identical. This is not only the true construction of our statute, but is clearly the rule at common law. Bacon's Abridgement, title Sheriff; Comyn's Digest, title Officer; Gwynne on Sheriffs, 43; Murfree on Sheriffs, section 18)."

This being true, the omission on the part of the Legislature to declare that constables shall be liable for the acts of their deputies does not abridge or abolish the general rule of liability. 3 The question is not one of *respondeat superior,* as is sometimes argued. It is a well settled rule, clearly recognized by the Supreme Court in the quotation above set out, that a sheriff "is responsible for the acts of his deputies, for they are acting in his private service and in his name and stead, and are only public officers through him. The deputy is not the agent

or servant of the sheriff, but is his representative, and the sheriff is liable for his acts as if they had been done by himself." Michel v. Smith, 188 Calif., 199, 205 Pac., 113.

The precise question here presented was involved in the case of State v. Muir, 20 Mo., 303, and in that case it was held that a constable and the sureties on his bond were liable for failure of a deputy constable to return an execution and turn over money collected by him under it.

In 57 Corpus Juris, p. 982, section 700, it is said:

"Under a statute providing a summary remedy against a sheriff or constable, such a proceeding may be maintained against an officer for the official default or misconduct of his deputy within the terms of the statute."

We are of the opinion that the failure of the deputy constable to perform the duties required of him in this instance was the failure of the constable himself, and the statute in question was intended to furnish an additional summary remedy to the one which a plaintiff in execution has at common law. Abbott v. Norman, 134 Ark., 535, 204 S. W., 303. The position taken by counsel for plaintiffs in error would lead to the inevitable result that a constable, if not liable under this article for acts of his deputy, would not be liable in any action. To so hold would put it in the power of a constable to avoid liability to injured parties in every case simply by turning process over to his deputy, while at the same time receiving emoluments of office by reason of the services of the deputy.

The judgment of the Court of Civil Appeals (Opinion being reported in 60 S. W. (2d) 1065) is affirmed.

Opinion adopted by Supreme Court.