ROGERS, Justice.
 

 This case is before us on a writ granted to review the decision of the Court of Appeal for the First Circuit, affirming the judgment of the Nineteenth Judicial District CJourt, Parish of East Baton Rouge, sustaining an exception of no cause or right of action filed by N. H. deBretton, Sheriff, and the Great American Indemnity Company, surety on his official bond.
 

 The suit is’ by Ellis Gray, individually, and for the use and benefit of his minor children, Albert and George Gray, against the sheriff for the Parish of East Baton Rouge, his official surety, and Charles V. Pocorello, deputy sheriff. Plaintiff’s action grows out of .an automobile accident that occurred in the Parish of East Baton Rouge on May 27, 1937.. On that day, according to the petition, deputy sheriff Pocorello, acting under orders and instructions of sheriff deBretton, arrested Henry White for disturbing the peace, near the
 
 *633
 
 Town of Zachary in the Parish of East Baton Rouge. After taking White into custody, Pocorello and another deputy sheriff placed him in an automobile belonging to the sheriff for the purpose of carrying him to the sheriff’s office and confining him in the parish jail in the City of Baton Rouge. Pocorello, accompanied by the prisoner White and the other deputy sheriff, then proceeded tq drive the automobile to Baton Rouge. Plaintiff alleges that Pocorello drove the car at an excessive rate- of speed and that while he was attempting to make a curve in the highway, the automobile he was driving struck a guard rail on the side of the road where plaintiff and his two sons were walking, knocked them against the rail and threw them down an embankment, causing the injuries for which damages are sought. The sheriff and the surety on his official bond are sought to be held liable for the alleged negligence of the deputy sheriff in operating the automobile while he was engaged in the performance, of an official duty.
 

 In support of their exceptions, the sheriff and the surety on his official bond urged: (1) that as the result of the repeal of Article 764 of the Code of Practice by Act No. 27 of the Third Extra Session of 1934, the defendant sheriff and his official surety are not liable for the wrongful acts of the sheriff’s deputy, who is himself a state officer; (2) that even if there is liability, no liability attaches in this case to the sheriff and his official surety, because on the face of the petition it appears that the alleged wrongful act of the deputy was not committed by him in the discharge of an official duty or as the result of the performance of an official act.
 

 In passing upon the first of these two points the trial judge, in a well reasoned opinion, ruled that Article 764 of the Code of Practice was repealed in its entirety by Act No. 27 of the Third Extra Session of 1934, but that in view of the provisions of Act No. 52 of 1880, relative to sheriffs and the bonds to be furnished by them, the repeal of the codal article did not affect the liability of the sheriff for his deputy’s violation of or failure to perform an official duty. The ruling of the trial judge was approved and affirmed by the Court of Appeal. The correctness of these rulings is not questioned by the relator before this Court. His case is briefed here on the clear-cut proposition that a deputy sheriff, while conveying a prisoner in an automobile from the place of arrest to the parish jail, is engaged in an official act and if, while so engaged, he injures a person on the public highway, the sheriff and his official surety are liable to the person injured by the deputy’s wrongful act. This relieves us of the necessity of reviewing the first point urged by defendants in support of their exceptions. We shall, therefore, proceed to the consideration of the second point urged by defendants.
 

 In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a
 
 *635
 
 sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the. sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy. Rich v. Graybar Electric Co., 125 Tex. 470, 84 S.W.2d 708, 102 A.L.R. 171, and annotations 102 A.L.R. 182, ix.
 

 The conditions of the official bond required of a sheriff are set forth in Act No. 52 of 1880, and the obligation of the bond is that the sheriff shall well and faithfully execute and make true returns of all such writs, orders and process as shall come into his hands as sheriff, and shall faithfully do and perform all such other duties as may be required of him by law. The surety on the bond is liable for the violation of an official duty by a deputy, or by his failure to perform his duty faithfully to the same extent as the surety is liable for the official acts or omissions of the sheriff himself.
 

 In this case there is no question of failure to perform an official duty. The complaint is that Pocorello, the deputy, committed a wrong while acting in an official capacity.
 

 In order to impose liability on the sheriff and his official surety for the alleged wrong of the deputy sheriff, the petition should'set forth facts showing that the alleged wrongful act of the deputy was committed while he was in the performance of an official duty and must have resulted from the wrongful manner in which such official duty was performed. This the petition does not do.
 

 The ultimate facts as disclosed by the petition are that Pocorello was a deputy sheriff, and that while conveying a prisoner in an automobile from a place near the Town of Zachary to the parish jail in the City of Baton Rouge, he negligently drove the automobile into plaintiff and his two sons who were walking on a bridge forming part of the public highway, causing the injuries for which damages are claimed. All the allegations contained in the
 
 petition, which,
 
 show or
 
 tend to show that
 
 the injuries received by plaintiff and his sons resulted from an act committed by the deputy sheriff in the performance of an official duty, for which the sheriff and his surety are liable, are mere conclusions of law.
 

 The petition discloses that there was no official connection between plaintiff and his sons, on the one hand, and the sheriff and his deputy, on the other. The suit is not one by a person under arrest or by a person with whom the deputy had any official relation, but is one by a third person claiming that he and his two sons were injured on a public road by the negligent operation of an automobile in which the deputy was conveying to the parish jail a third person whom he had arrested.
 

 
 *637
 
 The question presented in this case is strikingly similar to the question presented in the case of McVea v. Day, 6 La.App. 382. In that case it was alleged that a deputy sheriff, while on his way to investigate certain suspected violations of the law, ran into and damaged the automobile of the plaintiff McVea. The suit was brought against Mrs. Eudora S. Day, the sheriff, and her surety for ensuing damages. The Court of Appeal held that there was no liability on the part of the defendants, because the petition failed to show that the alleged wrongful act of the deputy was in violation of an official duty, or in the unlawful or improper performance of an official act. In support of its views the Court of Appeal, in the McVea case, cited and quoted from the case of Sanders v. Humphries, decided by this Court and reported in 143 La. 43, 78 So. 168, 169. In the Sanders-Humphries case the allegations of the petition were that Humphries, while on duty as a deputy sheriff for the Parish of Caldwell and while acting as deputy, agent, servant, and employee of the sheriff, maliciously and recklessly shot and wounded the plaintiff with a pistol, without cause or provocation, and that inasmuch as the sheriff was the employer of Humphries at the time of the assault, he was liable in damages to Sanders. The suit was predicated upon the official bond furnished by the sheriff in pursuance to Act No. 52 of 1880. This Court, in affirming the judgment of the district court sustaining an exception of no cause of action, stated:
 

 “The allegation that the reckless assault and shooting were done while Humphries was on duty as a deputy sheriff, and while he was acting as a deputy, agent, servant and employé of the sheriff, is not the same as to say that the acts were done in violation [of] or in an unfaithful or improper performance of an-official act.”
 

 Further on this Court said:
 

 “In so far, however, as these allegations might be construed to mean that the assault and shooting were the result of the reckless performance of an official, act of the deputy sheriff, the allegations manifestly express only the opinion or conclusion of the plaintiff in that respect. And that opinion or conclusion is, in effect, contradicted by the further allegation that the assault and shooting were done maliciously. Without any allegation of fact from which the court or jury might judge whether the wrongful act of the deputy sheriff was done in the performance of an official act, the petition does not disclose a cause of action against either the sheriff or the surety on his official bond.”
 

 The rule announced in the McVea and Sanders cases is no different from the general rule prevailing in the common law, namely, that a sheriff is civilly liable for the official neglect or misconduct of his deputy when acting officially or under color of the office. Ruling Case Law, vol. 24, p. 982.
 

 The question of “color of office” has no application to this case. The words “color of office” necessarily imply an illegal claim
 
 *639
 
 or right of authority to do an act by virtue of the office, which claim is a mere color or pretense on the part of the pfficer. It would be idle to assert that Pocorello, the deputy, ran his automobile into plaintiff and his sons by color of his office or by virtue of his office, and, certainly, there was no pretense on the part of the deputy that he was acting under any such right or authority.
 

 According to the rule of law referred to, in order to hold the sheriff and the surety in this case, the wrongful act of which plaintiff complains must have been with and because of an official act, and must have resulted from the manner in which that official act was performed. The official act that Pocorello, the deputy, was performing in this case was the act of conveying the prisoner White to the parish jail in the City of Baton Rouge. It would seem that if. the deputy violated any duty that he owed to plaintiff and his children, the duty violated was not an official duty but was an individual- and private duty owed by the deputy to all pedestrians upon the public highway.
 

 The purpose of an official bond is' to provide indemnity against malfeasance, nonfeasance and misfeasance in public office. Such a bond can not be construed so as to operate as a policy of insurance in favor of the traveling public against damage in an automobile collision.
 

 The liability in this case, if any, is the liability of the deputy sheriff and of nobody else. The act of the deputy in causing injury, if he did cause injury, was not committed by color of his office or by virtue of his office, nor was it an act of malfeasance, nonfeasance or misfeasance as those words are. ordinarily understood in our statutes.
 

 In passing upon this phase of the case, the Court of Appeal, 184 So. 390, 394, as we see it, has correctly stated the legal principles governing the point at issue, viz.—
 

 “The driving of an automobile is not an official act of a sheriff, unless' the driving of the car directly involves the discharge of an official duty; e.g., if the sheriff or a deputy has a car under seizure, and by reason of the negligent driving or handling of the car, it is damaged, the negligence in that case involves an official act. Likewise, it is the duty of the sheriff and his deputy to secure and protect a prisoner in his custody, and if, by the negligent operation of a car, or the careless handling of a pistol, the prisoner is injured, such negligence and carelessness constitute a violation of an official duty for which the sheriff and the surety on his official bond are liable.
 

 “The misconduct and negligence charged to the deputy in this case involve the operation of an automobile on the public highways, and the duty that the deputy owed to pedestrians walking on the highway not to injure them by ’the negligent operation of his car was the same as the duty of any other motorist driving on the public highways. He owed pedestrians the same duty that he would have owed them had he been driving the car on his .own personal .business or for .his own pleasure.
 
 *641
 
 As between him and the prisoner, whom he had in charge, the deputy was performing an official act, but as between him and pedestrians on the highway, he was negligently driving a car the same as any other motorist might negligently drive a car on the highway and cause injury to a pedestrian. If the situation had been that the deputy was walking along the street with his prisoner in charge, and for some reason personal to the deputy, he had struck a bystander with his hand or pistol, it could not be said that such an unlawful act on his part was done in the discharge of an official act. But, on the contrary, had he struck the prisoner, when there was no need for it, obviously his conduct in so doing would have been the violation of an official duty. A misfeasance for which the sheriff and his surety would have been liable.
 

 “It could hardly be said that the surety on the official bond of the sheriff contemplated a liability for injury caused third persons by the negligent operation of an automobile by the deputies of the sheriff while transporting prisoners in their custody. In such case, the bondsman for the sheriff would become not only a surety for the official acts of the sheriff and his deputies, but also the public liability insurance carrier against damage to third parties by reason of negligence in the operation of vehicles and other means of conveyance used by the sheriff and his deputies in the discharge of their duties.
 

 ' “The situation is not the same with' reference to the liability of the sheriff on his official bond as would be his liability had the deputy been employed by the sheriff to go on a mission purely on the personal business of the sheriff, in which case the deputy would have borne the relation of agent or employee of the sheriff and the doctrine of respondeat superior would apply in fixing liability on the sheriff to third persons. A deputy sheriff can commit an unlawful act while discharging an official duty, and yet not render the sheriff and his surety liable, unless the negligent or unlawful act involves the improper and unfaithful discharge of an official duty.”
 

 Counsel for the relator cites and relies on the case of Rhodes v. Jordan, decided by the Court of Appeal, Second Circuit, and reported in 157 So. at page 811, which he earnestly contends is .in conflict with the decision in the McVea-Day case. But a study of the two cases will show that the contention is not well founded. In the first place, the Rhodes case was decided prior to the adoption of Act No. 27 of the Third Extra Session of 1934. In the second place, the plaintiff there did not seek to fasten liability for the accident upon the sheriff’s official surety, but he sought recovery from the insurance company which had issued a public liability insurance policy. Plaintiff specifically alleged that the policy was a “public liability insurance” policy. This allegation was not denied by the insurance company and the court’s opinion shows clearly that this was the case. In the third place, the plaintiff in the Rhodes case was actually under arrest by the deputy sheriff and in his custody at the time of the accident, which was caused
 
 *643
 
 by the negligence of the deputy. The car in which plaintiff was held in custody of the deputy sheriff was being operated by the deputy in search of suspected violators of the law. The facts alleged in the petition clearly showed the reckless performance of an official act by the deputy sheriff.
 

 The'duty owed by the deputy sheriff to the plaintiff in the Rhodes case was wholly different from the duty owed by him to pedestrians on the public highway. Ás to plaintiff, his prisoner, he owed the official duty to convey him safely and to protect him from injury. As to pedestrians on the highway, he owed them only the personal duty of not negligently injuring them.
 

 The case of Hanraty v. Godfrey, 44 Ohio App. 360, 184 N.E. 842, is cited by relator as being on all fours with the case at bar. The decision is in conflict with the jurisprudence of this State. It is also in conflict with the jurisprudence of several of the other states. The case itself was decided • strictly on the interpretation of a statute of the State of Ohio prescribing the general duties of sheriffs in that state. Counsel for relator also cites several other cases that appear to conflict with the jurisprudence of this State. But these decisions also conflict with the decisions in other jurisdictions which are in line with the decisions of the courts of this State.
 

 Since the surety is not liable in this' case, neither is the sheriff liable as sheriff. Neither the principal nor the surety on an official bond can be held liable, unless there is a breach of the conditions of the bond, and in order for there to be a breach of those conditions, the sheriff or his deputy must be guilty of misfeasance, malfeasance or nonfeasance, it being for the courts to determine whether the acts complained of constitute any one of these breaches of official duty. We find no such breach here.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 HIGGINS, J., absent.