242 So.2d 91 (1970)
Joseph NIELSON, Jr.
v.
JEFFERSON PARISH SHERIFF'S OFFICE.
No. 4150.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1970.
*92 Joseph V. Ferguson, II, New Orleans, for plaintiff-appellant.
James O. Manning, Patrick M. Schott, Drury, Lozes, Young & Curry, Felicien P. Lozes, New Orleans, for defendant-appellee.
Before REGAN, TAYLOR, and LeSUEUR, JJ.
TAYLOR, Judge.
This is an action for damages allegedly sustained by plaintiff, Joseph Nielson, Jr., as a result of an automobile intersectional collision between his car and a vehicle allegedly owned by the Sheriff of Jefferson Parish and operated by a Deputy Sheriff.
Plaintiff filed suit against the Sheriff of Jefferson Parish individually and his underwriters, Casualty Insurance Company of California and St. Louis Fire and Marine Insurance Company, Godfrey J. Guidry, the Deputy Sheriff, his insurer, Allstate Insurance Company and against the Parish of Jefferson and its insurer.
An exception of no cause of action was filed on behalf of the Sheriff of Jefferson Parish. A motion for summary judgment was filed on behalf of the Parish of Jefferson. The trial court maintained the exception filed by the Sheriff, dismissing him from this suit. The motion for a summary judgment was granted in favor of the Parish of Jefferson. From these two judgments the plaintiff prosecutes this appeal.
In paragraph 13 of his petition, plaintiff states:
"Petitioner avers that the above described accident was caused solely and alone by the gross, wanton and wilful negligence of the owner and/or operator of the said 1965 Ford Two-door Sedan which negligence consists of, but is not limited to the following acts of negligence:
1. Failing and neglecting to remain alert; failing and neglecting to keep a proper lookout and to observe the traffic on both Causeway Boulevard and Veterans Highway;
2. Following too close in the rear of the 1964 Chevrolet owned and operated by petitioner;
3. Failing to stop said 1965 Ford Two-door Sedan prior to colliding with the rear of the said 1964 Chevrolet; and
4. Otherwise operating the 1965 Ford Two-door sedan in a careless, reckless and negligent manner."
The plaintiff does not allege in his petition that the Deputy Sheriff was acting within the scope of his official duties when said accident occurred. The plaintiff is alleging only a vicarious liability of the Sheriff by virtue of the negligence of the Deputy Sheriff. These acts of negligence address themselves to the alleged negligent and/or improper and/or careless, reckless and negligent manner in which the Deputy Sheriff operated his vehicle.
In the case of Gates v. Hanover Insurance Co., La.App., 218 So.2d 648 (1969), Sheriff Rowley of St. Bernard Parish was sued when an ambulance owned by the Sheriff and operated by a Deputy Sheriff collided with an automobile owned by Rodney P. Gates. Plaintiff alleged that the Deputy Sheriff was acting in the course *93 and scope of his duties as Deputy Sheriff under the personal direction and control of Sheriff Rowley. In sustaining the ruling of the District Court in maintaining the exception of no cause of action, the court stated:
"The question of a sheriff's and his ofcial surety's liability for damages for wrongful or negligent acts of a deputy while in the discharge of the duties of his office has been before the courts of Louisiana many times. Our jurisprudence clearly distinguishes the liability of a sheriff for malfeasance, nonfeasance or improper performance of an official duty by a deputy, from the wrongful or negligent acts of a deputy while in the performance of a nonofficial act."
Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939) was a suit for recovery of damages filed against a sheriff and the surety on his official bond for the alleged negligence of a deputy sheriff in driving an automobile off of the highway and causing injuries to pedestrians. The court, in denying recovery, discussed in the following manner what is now an established principle of law in our jurisprudence:
"In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy. Rich v. Graybar Electric Co., 125 Tex. 470, 84 S.W.2d 708, 102 A.L.R. 171, and annotations 102 A.L.R. 182, ix. In order to impose liability on the sheriff and his official surety for the alleged wrong of the deputy sheriff, the petition should set forth facts showing that the alleged wrongful act of the deputy was committed while he was in the performance of an official duty and must have resulted from the wrongful manner in which such official duty was performed. This the petition does not do." 188 So. at 724-725.
Petitioner alternatively asks that his case be remanded so as to permit him to amend his petition so as to allege a cause of action pursuant to LSA-C.C.P. art. 934 which reads as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
The same matter was passed on in Gates v. Hanover Insurance Company, supra, wherein the court in rejecting the demand stated:
"We can conceive of no amendment by which their alleged cause of action against the sheriff, based on his vicarious liability as the superior officer of Deputy Mackles acting in the discharge of official duties, can be removed under our jurisprudence. In fact they do not propose to so amend but rather they propose, if allowed to do so, to change completely their basis of suit and now allege a different cause of action. They propose to allege a cause of action against the sheriff not based on his vicarious liability for the tortious acts of his deputy, but grounded on his primary liability as a tort feasor personally. This would not be an amplification or clarification of the allegations of the original petition, *94 but a change of substance; the allegation of a different cause of action. This is not the kind of amendment contemplated by the article."
Therefore we are of the opinion that the trial court was correct in maintaining the exception of no cause of action and dismissing plaintiff's suit without leave to amend.
With regard to the motion for summary judgment filed by the Parish of Jefferson, we are likewise of the opinion that the ruling of the trial court was correct.
We note that the motion for summary judgment was supported by two affidavits. The first was that of Gerald Guidroz, who is in charge of the employment records of the Sheriff's Office for Jefferson Parish. Mr. Guidroz swore that the alleged tortfeasor, Godfrey J. Guidry, was an employee of the Sheriff's Office of the Parish of Jefferson on the date of the accident and under the supervision and control of Sheriff Alwynn J. Cronvich. The second was that of Roy Stewart, Assistant Personnel Director for the Parish of Jefferson, who swore that Mr. Guidry was not in the employ of the Parish of Jefferson nor under the jurisdiction of the Parish President or the Jefferson Parish Council on the date of the accident.
Plaintiff has filed no countervailing affidavits, despite the fact that LSA-C.C.P. art. 967 provides as follows:
"* * * When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. * * *"
In addition plaintiff at no point in his petition alleges any type of relationship between the alleged tort-feasor and the Parish of Jefferson. He only alleges that the tort-feasor was driving an automobile owned and operated by the Jefferson Parish Sheriff's Office.
We therefore conclude that there is no material issue of fact involved insofar as the employment and/or control of the alleged tort-feasor is concerned at the time of the accident. Therefore we are of the opinion that summary judgment is appropriate in this matter.
The court is of the opinion that as a matter of law, the Parish of Jefferson exercises no power or discretion in the functioning of the Jefferson Parish Sheriff's Office. The Sheriff's Office is a constitutional office, LSA-Const. Art. 7 § 65. It exists and functions independently of the governing body of the Parish. LSA-Const. Art. 14 § 3(c). Therefore there can be no vicarious liability on the part of the Parish of Jefferson for the acts of the Sheriff of Jefferson or any of his deputies. In addition Section 3.03(a) of the Jefferson Parish Charter provides that the Parish President "shall not be responsible for, nor have authority to administer or supervise," the office of Sheriff of Jefferson Parish.
For the foregoing reasons the judgment of the lower court in sustaining the exceptions of no cause of action filed by defendant Alwynn J. Cronvich is affirmed.
The judgment of the lower court in granting the motion for summary judgment in favor of the defendant, Parish of Jefferson, is affirmed.
The costs of these proceedings are to be borne by plaintiff, Joseph Nielson, Jr.
Affirmed.