309 So.2d 814 (1975)
Roland ANDRY
v.
The PARISH OF ORLEANS et al.
No. 6720.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Byron Magbee, Baton Rouge, for plaintiff-appellant.
Chronvich & Wambsgans, Anthony W. Wambsgans, Richard Michalczyk, Metairie, for defendant-appellee, Louis A. Heyd, Jr.
Blake G. Arata, City Atty., Robert K. Tracy, Asst. City Atty., for defendant-appellee, The Parish of Orleans.
Before LEMMON, SCHOTT and BEER, JJ.
BEER, Judge.
Plaintiff-appellant, Roland Andry, filed suit against Deputy Criminal Sheriff Charles Engles and Criminal Sheriff Louis Hyde, Jr., alleging that Engles severely injured him in the course of an unsuccessful escape attempt. Appellant claims he put up no resistance when he was apprehended *815 and that his alleged injuries were intentionally and unnecessarily inflicted.
The trial court sustained Sheriff Hyde's exception of no cause of action and rendered summary judgment dismissing him from the proceedings. We reverse.
The only question with which we must be concerned is whether an escaping prisoner may have a cause of action against the sheriff if a deputy sheriff uses excessive force to apprehend him.
In order for the sheriff to be required to respond to the allegations that he is responsible for the wrongful action of a deputy, the petition must allege that the deputy's act was committed while he was performing an official duty and must have resulted from the wrongful manner in which such official duty was performed, Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939). In that case the Louisiana Supreme Court said:
"In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy. Rich v. Graybar Electric Co., 125 Tex. 470, 84 S.W.2d 708, 102 A.L.R. 171, and annotations 102 A.L.R. 182, ix." at 724.
Plaintiff's petition alleges that Charles Engles was, at the time of the injury, acting in the capacity of a deputy sheriff. The answer admits this status. In Polizzi v. Trist, 154 So.2d 84 (La.App. 4th Cir. 1963), a case nearly on all fours with the one at bar, we stated: "If a deputy sheriff strikes a prisoner officially in his charge, when there is no need for it, his conduct in so doing would be a violation of an official duty, and malfeasance, for which the sheriff and his surety would be liable." Accordingly, a deputy allegedly using excessive force in the apprehension of an escaping prisoner could be found to have breached an official duty, thereby rendering the sheriff liable.
Appellee's contentions that appellant was contributorily negligent and that he assumed the risk of his injuries are without merit. Contributory negligence (if the escape could be classified as such) is not a valid defense to an intentional tort, South Texas Lloyds v. Jones, 273 So.2d 853 (La.App. 2nd Cir. 1973).
The trial court improvidently sustained the exception of no cause of action and granted appellee's motion for summary judgment.[*] We must therefore reverse and remand this case to the trial court for further proceedings not inconsistent with this opinion. Costs are to be paid by appellee.
Reversed and remanded.
LEMMON, J., concurs.
*816 LEMMON, Judge (concurring).
Tort liability is based on an act or omission by the defendant or by a person for whom the defendant is responsible because of some relationship such as parent-child or employer-employee.[1]
Section 3542 of the Revised Statutes of 1870, as amended in 1940, recited that the "Sheriff of each parish ... remains responsible for them (the deputies each appoint)." [2]
Section 33:1433A of the Revised Statutes of 1950, as originally enacted, stated:
"* * * The sheriff of each parish, the Orleans Parish civil sheriff, and the Orleans Parish criminal sheriff are responsible for the deputies whom they appoint. * * *"
However, Act 426 of 1950 amended Subsection A to read as follows:
"* * * That no sheriff of any parish of this state, nor his sureties, shall be liable for any act or tort committed by one of his deputies, or by any person commissioned as deputy sheriff by him, beyond the amount of the bond furnished by said deputy sheriff, unless said deputy sheriff, in the commission of the said act or tort, acts in compliance with a direct order of, and in the personal presence of, the said sheriff, at the time the act or tort is committed. * * *"
The statute as amended (in the same year as the enactment) therefore limited the sheriff's liability, but eliminated the affirmative provision for this liability.[3] I find at present no affirmative codal or statutory basis for imposing liability on a sheriff for the acts of his deputy.
In other jurisdictions the common law has established the sheriff's liability for the acts of his deputies. 47 Am.Jur. Sheriffs, Police and Constables § 158 (1943). However, in this Civil Law jurisdiction, doctrines declaratory of the common law should not form a basis for imposition of liability.
A sheriff is not the employer of his deputy and therefore is not liable for the deputy's torts under C.C. art. 2320. While Louisiana and common law cases characterize the relationship as an official one and not a private one, in that the deputy is a representative or an extension of the sheriff and his official acts are in effect the acts of the sheriff, there still must be some basis for imposition of liability on the sheriff in his individual capacity, in the absence of personal wrongdoing.
Perhaps in the period during which governmental immunity prevailed, courts were willing to allow a tort victim compensation by providing a more solvent defendant (the sheriff), since the real employer (the municipality, parish, county, or state) was not susceptible to suit in tort. Or perhaps courts recognized that the sheriff's bond might serve to some extent as a source of supplying this compensation. But since the abrogation of governmental immunity, the governmental body which employs the deputy is civilly responsible for the damages occasioned by the deputy in the course and scope of his employment, and there is no need (or basis) to impose liability on the deputy's superior officer.
I state these dissenting observations in a concurring opinion because of the numerous Louisiana cases which have imposed liability on the sheriff (although I have found no cases which gave a justifiable basis for doing so).
NOTES
[*] The trial court could have granted a motion to strike that portion of the plaintiff's demand against Sheriff Hyde individually as is proscribed by the application of LSA-R.S. 33:1433 which provides as follows:

"No sheriff of any parish of this state, nor his sureties, shall be liable for any act or tort committed by one of his deputies, or by any person commissioned as deputy sheriff by him, beyond the amount of the bond or limits of liability insurance furnished by said deputy sheriff, unless said deputy sheriff in the commission of the said tort, acts in compliance with a direct order of, and in the personal presence of, the said sheriff, at the time the act or tort is committed."
[1] The Civil Code of Louisiana makes a father generally liable for the damage occasioned by his minor child (C.C. art. 2318) and an employer answerable for the damage occasioned by his employee in the exercise of the function of that employment (C.C. art. 2320).
[2] I have found no earlier statute which affirmatively made a sheriff responsible for the acts of his deputy.
[3] R.S. 33:1433 was amended again in 1968 and in 1972, but with no change in this regard.