343 So.2d 219 (1977)
Edwin E. FOSTER, Jr.
v.
Joseph M. HAMPTON et al.
No. 11111.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
Writ Granted May 26, 1977.
Michael R. Connelly, Baton Rouge, for plaintiff Edwin E. Foster, Jr.
Paul Marks, Jr., Baton Rouge, for defendant Joseph M. Hampton, et al.
Frank A. Fertitta, Baton Rouge, for intervenor U. S. Fidelity and Guaranty Co.
Joseph F. Keogh, Parish Atty., Charles E. Pilcher, Asst. Parish Atty., Baton Rouge, David W. Robinson, and Ben L. Guelfo, Baton Rouge, for defendant Parish of East Baton Rouge.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
In the original action in this case, the plaintiff, Edwin E. Foster, Jr., filed suit on February 4, 1976, against Joseph M. Hampton, a deputy sheriff in East Baton Rouge Parish; J. Al Amiss, sheriff of East Baton Rouge Parish; and Aetna Casualty and Surety Company, the liability insurer of the sheriff and the deputy, for damages resulting from an accident on March 26, 1975, which was alleged to have been negligently caused by Deputy Hampton making a left hand turn into the path of the plaintiff's motorcycle while the deputy, on duty at the time, was operating a car owned by the sheriff's department.
Defendants Hampton and Aetna answered this suit. Sheriff Amiss, represented by the same counsel as his deputy and his insurer, filed a peremptory exception of no cause of action based on the grounds that, under LSA-R.S. 33:1433 and the jurisprudence, liability does not attach to a sheriff under the doctrines of respondeat superior, master and servant, or principal and agent for wrongful acts or negligence of a deputy sheriff.
*220 After a hearing on the peremptory exception, judgment was rendered on April 2, 1976, and signed on April 5, 1976, dismissing plaintiff's suit against Sheriff Amiss. The trial judge assigned oral reasons for maintaining the exception.
On May 17, 1976, plaintiff filed a supplemental and amended petition, with leave of court, joining East Baton Rouge Parish, as employer of the deputy, and its liability insurer, Fidelity and Casualty Company of New York, as party defendants. Defendant, the Parish of East Baton Rouge, entered a peremptory exception of no cause of action on June 4, 1976, grounded on the premise that the sheriff is a constitutional elective public official and the Parish has no legal responsibility for the actions of the sheriff or his deputies.
After a hearing on the peremptory exception, judgment was signed on July 14, 1976, dismissing plaintiff's suit against East Baton Rouge Parish. The judge assigned oral reasons for this dismissal. Thereafter, the parish's insurer filed a peremptory exception grounded on the court's judgment dismissing the parish as a defendant, i.e., if there is no liability on the part of the parish, there can be no liability on the part of the insurer because the insurer's liability is a contingent one. On August 26, 1976, the court signed a judgment sustaining the insurer's peremptory exception, assigning oral reasons therefor.
Appeals were taken from all three judgments of dismissal. On October 13, 1976, the appeals were consolidated.
The appellant contends that the trial court erred in dismissing his suit against the sheriff. The court based its decision on LSA-R.S. 33:1433 and the cases of Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939) and Andry v. Parish of Orleans, 309 So.2d 814 (La.App. 4 Cir. 1975).
LSA-R.S. 33:1433 reads in part as follows:
"No sheriff of any parish of this state, nor his sureties, shall be liable for any act or tort committed by one of his deputies, or any person commissioned as deputy sheriff by him, beyond the amount of the bond or limits of liability insurance furnished by said deputy sheriff, unless said deputy sheriff in the commission of the said act or tort, acts in compliance with a direct order of, and in the personal presence of, the said sheriff, at the time the act or tort is committed."
In the Gray case the plaintiff, a pedestrian, was struck by the automobile negligently driven by the deputy while transporting an arrested man to jail. The court, in denying recovery, stated the following principle of law:
"In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy. Rich v. Graybar Electric Co., 125 Tex. 470, 84 S.W.2d 708, 102 A.L.R. 171, and annotations 102 A.L.R. 182, ix. . .
"In order to impose liability on the sheriff and his official surety for the alleged wrong of the deputy sheriff, the petition should set forth facts showing that the alleged wrongful act of the deputy was committed while he was in the performance of an official duty and must have resulted from the wrongful manner in which such official duty was performed. This the petition does not do." 188 So. at 724-725.
In the Andry case suit was brought against the deputy criminal sheriff and the criminal sheriff alleging that the deputy severely injured the plaintiff when he attempted *221 to escape. The petition alleged that the deputy used excessive force in apprehending an escaping prisoner, thus breaching an official duty. The Court of Appeal found that a cause of action against the sheriff was stated, and reversed the trial court, remarking at 309 So.2d page 815:
"In order for the sheriff to be required to respond to the allegations that he is responsible for the wrongful action of a deputy, the petition must allege that the deputy's act was committed while he was performing an official duty and must have resulted from the wrongful manner in which such official duty was performed."
The case of Nielson v. Jefferson Parish Sheriff's Office, 242 So.2d 91 (La.App. 4 Cir. 1970), a case nearly on all fours with the instant case, was a suit for damages resulting from an intersectional collision alleged to have been negligently caused by the acts of the deputy. In Nielson the court maintained the peremptory exception of no cause of action and stated:
"The plaintiff is alleging only a vicarious liability of the Sheriff by virtue of the negligence of the Deputy Sheriff. These acts of negligence address themselves to the alleged negligent and/or improper and/or careless, reckless and negligent manner in which the Deputy Sheriff operated his vehicle."
The Nielson case clearly points out that our jurisprudence draws a distinction between the liability of a sheriff for malfeasance, nonfeasance or improper performance of an official duty by a deputy and the wrongful or negligent acts of a deputy while in the performance of a nonofficial act.
There is no merit in the appellant's position that the protection granted to sheriffs is a governmental immunity, which was abolished by the Louisiana Constitution of 1974, article 12, section 10(A). Sheriffs never had immunity from suit. Their protection against liability is merely a legislative restriction to liability for breach of an official duty. See Andry v. Parish of Orleans, supra. The cases cited by the appellant are inapposite.
Therefore, we find that the trial court was correct in maintaining the exception of no cause of action against the sheriff, J. Al Amiss.
With regard to the maintaining of the exception of no cause of action against East Baton Rouge Parish, we likewise find that the ruling of the trial court was correct.
The Court is of the opinion that as a matter of law, East Baton Rouge Parish exercises no power or discretion in the functioning independently of the governing body of the parish. La.Const. of 1974, art. 5, sec. 27. There can be no vicarious liability on the part of the parish for the acts of the sheriff or his deputies. See Nielson v. Jefferson Parish Sheriff's Office, supra, at page 94.
The appellant's argument that deputy sheriffs must be considered civil service employees of the City Parish government in East Baton Rouge Parish finds no support in the law. Our Supreme Court, in the case of Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (La., 1967), acknowledges the unique metropolitan form of the City of Baton Rouge and the Parish of East Baton Rouge and specifically calls attention to the fact that the office of the parish sheriff functions ". . . entirely separate therefrom, the limits of the city and parish not being co-extensive."
With regard to the exception filed by the parish's liability insurer, we also find that the trial court's ruling was correct, because where there is no liability on the part of the Parish of East Baton Rouge, the insured, there can be no liability on the part of the insurer under its policy. See Smith v. Kelly Labor Service, 239 So.2d 685 (La. App. 4 Cir. 1970), writ ref. 257 La. 173, 241 So.2d 531 (La., 1970).
Accordingly, we affirm the judgments of the trial court herein maintaining the exceptions and dismissing the suit of the plaintiff as to these defendants. Costs of *222 appeal in the consolidated appeals are assessed against the appellant.
AFFIRMED.