STOULIG, Judge.
Plaintiff, Linda Michel, individually and as administratrix of the estate of her five minor children, filed a damage suit against the Hometown Super Market, Inc.; its executive officers; their liability carrier, Hanover Insurance Company; and Alwynn Cronvich, individually and as sheriff of Jefferson Parish, for the wrongful death of Euclid Michel, Jr., her husband and the children’s father. Taken hostage by holdup men escaping from a food store, Michel allegedly was killed in an exchange of gunfire between sheriff’s deputies and the fleeing felons.
Defendant Cronvich filed a motion for summary judgment and an exception of no cause of action. The summary judgment was set for argument and after a hearing, judgment was rendered maintaining the exception of no cause of action. The motion for summary judgment was not adjudicated.
We reverse and overrule the exception of no cause of action. Appellant and appellee differ as to whether any argument or hearing was had on the exception in the trial court. Appellant argues it was procedural error for the court to pass on the exception without having a hearing. Rather than speculate whether or not a hearing was held and remand this cause for further proceedings on the exception, we exercise the authority granted by C.C.P. art. 2164 and reverse the judgment of the trial court.
Plaintiff alleged, sufficiently if somewhat vaguely, the sheriff’s deputies were negligent in (1) failing to engage in proper police practices; (2) negligently engaging in close pursuit and thus placing Michel’s life in jeopardy; and (3) failing to retreat despite the fact that Michel’s life was endangered. These allegations of the petition, deemed true for the purpose of deciding this exception, do state a cause of action against the sheriff.
The jurisprudence of this State has interpreted R.S. 33:1433 to mean a sheriff is answerable in damages for the negligent act committed by his deputies performing official duties of the sheriff’s office. Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939); Nielson v. Jefferson Parish Sheriff’s Office, 242 So.2d 91 (La.App. 4th Cir. 1970). We recently followed that line of jurisprudence in Andry v. Parish of Orleans, 309 So.2d 814 (La.App. 4th Cir. 1975). C.C.P. art. 331 makes the sheriff responsible “for the performance or nonperformance of their official duties by his deputies”; however, R.S. 33:1433 limits this responsibility *359 to the amount of the bond furnished by the deputy sheriff when the deputy is not acting in compliance with a direct order of the sheriff.
As to the motion for summary judgment, this is not before us because it was not passed upon in the district court.
For the reasons assigned the judgment appealed from is reversed, the exception of no cause of action is overruled, and this matter is remanded for further proceedings consistent with the views herein expressed. Appellee is to pay all costs of this appeal.

REVERSED; RENDERED; AND REMANDED.