LANDRY, Judge.
The State of Louisiana (Appellant), made defendant in plaintiff’s action for damages for personal injuries allegedly resulting from a beating administered by deputy sheriffs and prison officials while plaintiff was prisoner in the East Baton Rouge Parish jail, appeals from judgment dismissing Appellant’s third party demand for indemnification against the City of Baton Rouge — Parish of East Baton Rouge (City-Parish) on exception of no cause of action filed by said third party defendants. We affirm in part, reverse in part, and remand for trial on the merits.
Plaintiff’s petition alleges that on March 13, 1977, he was an inmate in the East Baton Rouge Parish Prison. On the aforesaid date, an aborted escape was attempted by three other prisoners with whom plaintiff shared a cell. Plaintiff’s cellmates allegedly lured a deputy into the cell and attempted to overpower the deputy with intent to escape. Plaintiff allegedly took no part in the escape attempt and throughout the incident remained in his bunk. Plaintiff also alleges that after the escape attempt was foiled, deputies and other prison officials intentionally inflicted beatings and other atrocities upon all occupants of the cell, plaintiff included, notwithstanding plaintiff’s continued assertions of non-involvement in the attempted escape.
In addition to Appellant, plaintiff made defendants herein the Warden of East Baton Rouge Parish Prison, four deputies of the Sheriff of East Baton Rouge Parish, and two liability insurers of defendants.
Appellant answered plaintiff’s petition and third partied the City-Parish for indemnification, alleging vicarious liability on the part of the City-Parish for the tortious conduct of the sheriff and his deputies. Appellant also alleges City-Parish liability on the basis of certain statutes which place parish prisons under the supervision and control of parish governing authorities, including the following:
LSA-R.S. 15:702:
“The governing authority of each parish shall pass all by-laws and regulations they may deem expedient for the police and good government of all jails and prisons in the parish.”
LSA-R.S. 15:704:
“Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders.”
LSA-R.S. 33:1435:
“. . Each sheriff shall be the keeper of the public jail of his parish, and shall preserve the peace and. apprehend public offenders.”
Appellant contends the above cited statutes place responsibility for the policing, governing and maintenance of discipline in parish prisons upon the sheriffs of each parish which officers are assertedly guided, and perhaps controlled, in the performance of these duties by rules and regulations required to be established by parish governing authorities pursuant to LSA-R.S. 15:702, above. The City-Parish concedes no such rules or regulations have been adopted. Appellant contends that the failure to adopt such rules and regulations establishing and defining the limits of reasonable discipline and good government for the parish prison by the City-Parish may well have contributed to the harm allegedly sustained *1127 by Appellant in this instance. Appellant also argues that such failure constitutes fault on the part of the City-Parish and that consequently a cause of action is alleged and the exception of no cause of action was improperly sustained.
In rebuttal, the City-Parish argues that the mandate contained in LSA-R.S. 15:702 is not mandatory considering it requires enactment of rules which the parish governing authority “may deem expedient.” The City-Parish contends first that it is not in violation of the statute because it did not deem such rules expedient. Secondly, it is contended that passage of such regulations would not have prevented plaintiff’s injuries because the conduct of the deputies is alleged to have been intentional. Additionally, the City-Parish, relying on Foster v. Hampton, 343 So.2d 219 (La.App. 1st Cir. 1977), affirmed 352 So.2d 197 (La.1977), and Nielson v. Jefferson Parish Sheriff’s Office, 242 So.2d 91 (La.App. 4th Cir. 1970) argues the lack of vicarious liability on the part of the City-Parish for the actions of deputy sheriffs.
Foster v. Hampton, supra, has laid to rest the question of whether a parish is liable for the actions of deputy sheriffs. Foster was an action against the Parish of East Baton Rouge, the Sheriff and a Deputy Sheriff of the Parish of East Baton Rouge, and their insurers, for injuries sustained in a collision involving a sheriff department’s vehicle being driven by a deputy sheriff. The decision explicitly held that there is no vicarious liability on the part of a parish for the actions of a deputy sheriff. The rationale of the decision is that the office of sheriff is a constitutional office pursuant to La.Const.1974, Article 5, Section 27, which exists and functions independently of the parish governing authorities. We apply that same rationale and hold that cities are likewise not liable vicariously for the actions of deputy sheriffs. We therefore hold that neither the City nor the Parish is vicariously liable for the actions of the deputy sheriffs in this instance.
We find, however, that the statute in question, LSA-R.S. 15:702, imposes upon parish governing authorities the mandatory duty to enact rules and regulations for the policing and governing of parish prisons and jails. The statutory qualifying provision “they may deem expedient” does not pertain to the duty to enact such rules in the discretion of parish governing authorities but applies, instead, to the nature and scope of the rules which the statute mandates. We note also that the statute imposes no such duty or obligation on municipalities, only upon the governing authority of each parish.
There being no duty in this regard on the part of defendant City, the exception of no cause of action filed by that entity was properly sustained below.
Notwithstanding the immunity of the Parish from vicarious liability herein, the Parish may have been guilty of fault in not adopting the required regulations. We do not at this juncture make a finding of such fault, which decision must be made initially by the trier of fact. We in no way address the merits of plaintiff’s claim on the crucial question of whether there was fault and required causal connection between such fault and plaintiff’s alleged injuries. Neither do we consider the duty-risk aspect of fault insofar as it pertains to the alleged liability of the Parish in this instance.
For purposes of determining the validity of an exception of no cause of action, all well-pleaded allegations of plaintiff’s petition are considered to be true, and the exception must be overruled if the allegations set forth a cause of action as to any part of the demand. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976).
In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present evidence in support thereof. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
*1128 Applying the foregoing principles, we find that Appellant’s third party petition alleges sufficient facts to state a cause of action against the Parish on either the main or third party demand.
Accordingly, the judgment maintaining the exception of no cause of action on behalf of defendant City of Baton Rouge is affirmed, and the judgment sustaining the exception of no cause of action on behalf of the Parish of East Baton Rouge is overruled, and this matter is remanded to the trial court for proceedings consistent with the views herein expressed; costs of this present appeal are assessed against defendant Parish of East Baton Rouge.
Affirmed in part, reversed in part, and remanded.