FORET, Judge.
This is a personal injury tort action. Plaintiff has appealed from the dismissal of one of the named defendants, Marshall T. Cappel, Sheriff of Rapides Parish, on an exception of no cause of action.
On December 13, 1977, plaintiff, E. J. Nolen, was seriously injured by shotgun fire to his face. Although it is alleged that Jackie Ganson actually fired the shotgun, plaintiff has named three members of the Ganson family as being responsible for the shooting. Plaintiff also named various other parties as defendants, among who are the Sheriff of Rapides Parish, Marshall T. Cappel, and two of his deputies, J. D. Babb and Jerry Seal.
Shortly before the shooting took place, Deputies Babb and Seal were allegedly summoned to a local bar in Forest Hill, Parish of Rapides, known as “Pappa Jake’s Place”. Upon their arrival, plaintiff contends that he and his wife were in the process of leaving the bar and that the Gansons were viewed by the deputies stand *DCLXVII ing outside the entrance to the building with guns in their hands. Plaintiff further alleges that the Gansons were intoxicated, cursing and causing quite a disturbance but, despite the obvious potential for violence, Deputies Seal and Babb did not attempt to make any arrest, disarm, or otherwise prevent violence from occurring.
Soon after departing “Pappa Jake’s Place”, petitioner states that he and his wife returned to pick up their other vehicle. At this time plaintiff contends that he left his automobile, supposedly to advise Deputy Seal that he had only returned to pick up his other vehicle, when the Gansons began cursing and threatening plaintiff again, all within “full view” of Deputies Babb and Seal. Moments later, as plaintiff was attempting to enter the second vehicle, he was allegedly shot by Jackie Ganson, “without cause or provocation”.
Based upon the alleged negligence of Deputies Seal and Babb, they and their Sheriff were named as parties defendant to this action. The Sheriff, Marshall T. Cap-pel, subsequently filed, and was dismissed on, an exception of no cause of action, which is the subject of this appeal. The apparent basis for the dismissal of Sheriff Cappel was LSA-R.S. 33:1433, which provides, in pertinent part:
“No sheriff of any parish of this state, nor his sureties, shall be liable for any act or tort committed by one of his deputies, or by any person commissioned as deputy sheriff by him, beyond the amount of the bond or limits of liability insurance furnished by said deputy sheriff, unless said deputy sheriff in the commission of the said act or tort, acts in compliance with a direct order of, and in the personal presence of, the said sheriff, at the time the act or tort is committed.” [1]
In naming the sheriff a co-tortfeasor soli-darily liable for his injuries, the plaintiff alleged that Cappel was negligent in the following respects:
“a) Failure to train properly the deputies employed by him and over whom he has supervision and control;
“b) Hiring of untrained, inexperienced and unqualified persons as deputies of Rapides Parish;
“c) Failure to supervise properly the training and performance of duties and responsibilities of the deputies; and
“d) Failure to institute and implement safe and proper police policies, training and law enforcement practices.”
The trial court was correct in finding no personal or individual cause of action against the sheriff upon this basis. In Foster v. Hampton, 352 So.2d 197 (La.1977), our Supreme Court held that:
“The statute [R.S. 33:1433] was intended to recognize the special relationship between the sheriff and his deputy, which is not the traditional employer-employee relationship. Only when the sheriff personally directs the deputy in a wrongful act does he create the kind of private relationship that would subject him to individual liability.” (pg. 202) (emphasis added.)
Nowhere in plaintiff’s petition is found any allegation that Sheriff Cappel was present at “Pappa Jake’s Place” on the night of the incident, nor is there any allegation that the Sheriff personally directed the deputies. The Louisiana Supreme Court case of Foster v. Hampton, supra, at page 201, specifically states that:
“The statute contemplates personal liability of the sheriff for those acts he personally controls; for such acts the legislature has determined that the sheriff should be answerable. The sheriff is subject to liability up to the limits of the bond or liability insurance furnished by the deputy for the official acts of the deputy which he does not directly control.”
In the recent case of Lejeune v. Allstate Insurance Company, 365 So.2d 471 (La. *DCLXVIII 1978), Foster v. Hampton was distinguished, upon this precise basis. In Lejeune, the court stated that the:
“Liability policies issued to cover negligent acts of a sheriff’s office and his deputies may be enforced according to their terms, if the negligence of a deputy in the performance of his duties caused injury to another. Neither the cited statute [R.S. 33:1433] nor Foster are opposite to this issue.” (365 So.2d 471, 478)
Thus, it is noted that both Foster and Le-jeune stand for the proposition that R.S. 33:1433 does not absolutely prohibit any recovery against the sheriff, but such recovery is limited to those instances provided in the statute.
We also note with particular interest footnotes 2, 3, 4 and 5 in Foster at 352 So.2d 197, at page 200. Justice Dixon, in these footnotes, traces the legislative history of a sheriff’s liability for the acts of his deputies. It is interesting to note that subsequent to Foster, by Act 318 of 1978, that section of La.R.S. 33:1433 pertaining to the limitation of the sheriff’s liability for the acts of his deputies, has now been totally deleted. Accordingly, the language of Foster, at page 201, which follows, is particularly pertinent to relieve the sheriff of any liability in this matter:
“As previously noted, the court in Gray [Gray v. DeBretton, 192 La. 628, 188 So. 722 (La.1939)] adopted the common law idea that the relationship between the sheriff and his deputy is not one of master and servant or principal and agent; therefore, the doctrine of respondeat superior is not applicable. However, it is well settled that the deputy sheriff is an officer of the state [citations omitted]. The State, then, may be considered the deputy sheriff’s ‘employer.’ . . . ”
The implication of Foster, then, is that the sheriff is totally immune from personal liability for the torts of his deputies.
While various Louisiana Constitutional and statutory provisions mandate the performance of varied ministerial duties by the sheriffs, we have not found, nor have we been cited to any such provision requiring that sheriffs hire only trained, experienced, and otherwise qualified persons as deputies, or that the sheriff shall “properly” train deputies employed by him or that he shall “institute and implement safe and proper police policies, training and law enforcement practices”. We are simply not prepared nor willing to judicially impose (if indeed we are constitutionally empowered to do so) these obligations on the sheriffs of this State.
For the reasons hereinabove stated, we affirm the judgment of the trial court sustaining the exception of no cause of action as against Sheriff Marshall T. Cappel personally. We remand the case to the trial court for further proceedings in accordance with law and the view hereinabove expressed.
Costs of this appeal are assessed against plaintiff-appellant and costs of the trial court shall be decided upon the final disposition of this matter.
AFFIRMED IN PART AND REMANDED for trial on other issues.
SWIFT, J., dissents with written reasons.
GUIDRY, J., dissents for the reasons assigned by SWIFT, J.

. This paragraph has been deleted from the statute by Act No. 318 of 1978 since the incident involved in this suit.