SWIFT, Judge,
dissenting.
With all due respect I must dissent.
In Foster v. Hampton, 352 So.2d 197 (La. 1977), our supreme court, after stating that under the jurisprudence a sheriff is responsible for his deputy’s wrongful act only if it was done in violation or in the unfaithful or improper performance of an official duty, quoted the following general statement of the law on the subject from Gray v. DeBretton, 192 La. 628, 188 So. 722 (La.1939):
“In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrine of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the sheriff in his indi *DCLXIX vidual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy.” [Authorities omitted and emphasis added.]
The court then found the deputy sheriff was not engaged in an official act when he struck Foster’s motorcycle while making an improper left turn, even though he was on his way to serve official papers in a sheriff’s department vehicle, and therefore concluded that liability could not be imposed on the sheriff under Louisiana jurisprudence.
The plaintiff’s contention that the sheriff was liable under LSA-R.S. 33:1433 (as it existed at the time of the accident) also was expressly rejected in Foster. According to the supreme court, the statute does not provide governmental immunity to a sheriff. It simply
. . limits the sheriff’s individual liability to acts over which he has direct control. The statute has the additional effect of allowing recovery against the sheriff for acts of the deputy while engaged in the performance of official duties only up to the amount of bond or liability insurance provided by the deputy.” [Emphasis added.]
There being no allegation in Foster that the deputy was acting in compliance with a direct order and in the personal presence of the sheriff when he struck the motorcycle, the court concluded that the latter was not personally or individually liable under this statute.
Be that as it may, the plaintiff in this case is not basing his suit on any vicarious liability of the sheriff for the negligence of the deputies. Instead, he contends that Sheriff Cappel is himself a joint tortfeasor by reason of his own independent negligence in the particulars quoted by the majority from the petition.
In the above quotation from Gray, which apparently was approved by the supreme court in Foster, it was expressly recognized that a sheriff is liable for the acts and omissions “both of himself and his deputies”. Also, in referring to LSA-R.S. 33:1433 the court said in Foster:
“The statute contemplates personal liability of the sheriff for those acts he personally controls; for such acts the legislature has determined that the sheriff should be answerable. The sheriff is subject to liability up to the limits of the bond or liability insurance furnished by the deputy for the official acts of the deputy which he does not directly control.” [Emphasis added]
Since the legislature has determined that the sheriff should be fully answerable for the tortious acts of deputies he personally controls and subject to limited responsibility for their official acts outside his personal control, it certainly cannot be said that it intended to relieve him from liability for his own negligent acts or omissions. Therefore, in my opinion the petition states a cause of action in this respect.
For these reasons, while I agree that the case must be remanded to the trial court for further proceedings, I respectfully dissent from the majority’s decision to dismiss the action against the sheriff.