385 So.2d 578 (1980)
Florestine JENKINS et al.
v.
JEFFERSON PARISH SHERIFF'S OFFICE.
No. 11171.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Rehearing Denied July 21, 1980.
*579 Wayne H. Carlton, Jr. and Orlando G. Bendana, Law Office of Bendana & Carlton, New Orleans, for plaintiffs-appellants.
Kenneth V. Ward, Jr., Cronvich, Wambsgans & Michalczyk, Metairie, for defendant-appellee.
Before REDMANN, SCHOTT and SARTAIN (assigned), JJ.
SCHOTT, Judge.
Plaintiff brought this suit for damages against Jefferson Parish Sheriff's Office, Alwynn J. Cronvich, Sheriff of Jefferson Parish, William Boutuell, a deputy sheriff of the Parish, and North River Insurance Company as the liability insurer of Jefferson Parish Sheriff's Department and Deputy William Boutuell. They allege that they were traveling in an automobile in Jefferson Parish when it was struck by an automobile owned by Jefferson Parish Sheriff's Office and operated by Deputy Boutuell in the course and scope of his employment by Jefferson Parish Sheriff's Office and Sheriff Cronvich. Jefferson Parish Sheriff's Office and Sheriff Cronvich filed exceptions of no cause of action, which were maintained, and plaintiffs have appealed from these judgments. The issues are whether plaintiffs have stated a cause of action against Jefferson Parish Sheriff's Office as an entity and against Sheriff Cronvich under the doctrine of respondeat superior.
As to Jefferson Parish Sheriff's Office, it is not a legal entity capable of being sued. It is simply an office operated by the Sheriff of Jefferson Parish whose authority is derived from the constitution. Art. 5, § 27, and Liberty Mut. Ins. Co. v. Grant Parish, etc., 350 So.2d 236 (La.App. 3rd Cir. 1977) writs refused 352 So.2d 235.
As to the vicarious liability of the Sheriff for the alleged negligent act of his deputy, in Foster v. Hampton, 352 So.2d 197 (La.1977), the court reaffirmed the jurisprudence to the effect that a sheriff is not liable for the negligent act of his deputy under the doctrine of respondeat superior unless the deputy is engaged in an official act, and the operation of an automobile without negligence is not the performance of an official duty such as to make the sheriff liable for the deputy's dereliction in this respect. Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939), Nielson v. Jefferson Parish Sheriff's Office, 242 So.2d 91 (La. App. 4th Cir. 1970). Plaintiffs argue, however, that LSA-R.S. 33:1433, which was in effect when Foster v. Hampton, supra, was decided and which provided that no sheriff would be liable for a tort committed by his deputy, unless the deputy "in the commission of the said act or tort, acts in compliance with the direct order of, and in the personal presence of, said sheriff, at the time the act or tort is committed," was broadened and extended by the legislature when R.S. 33:1433 was amended and re-enacted in its present form by Act 318 of 1978, which was in effect at the time of the accident sued on in this case.
R.S. 33:1433 in its present form has to do with the appointment, oath and bond of deputies, but it no longer contains the previous subject matter of that section of the revised statute which insulated the sheriff from liability except in the circumstances subscribed by the act. We do not discern an intent on the part of the legislature to broaden the liability of the sheriff by the passage of this act or to legislatively overrule the jurisprudence most recently approved by the Supreme Court in Foster v. Hampton, supra.
Finally, plaintiffs argue that R.S. 42:1441 provides them with a cause of action, but we fail to see any relationship between this statute and the alleged vicarious liability of the sheriff for his deputy's tort in this case.
Accordingly, the judgments appealed from are affirmed.
AFFIRMED.