623 So.2d 711 (1993)
Hayes FERGUSON
v.
Jack STEPHENS, St. Bernard Parish Sheriff, et al.
No. 92-CA-2113.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*712 Jack M. Weiss, III, Steven W. Usdin, Mark B. Holton, Stone, Pigman, Walther, *713 Wittman & Hutchinson, New Orleans, for plaintiff/appellant.
Salvador E. Gutierrez, Jr., Mary A. Hand, Chalmette, for defendants/appellees.
Before ARMSTRONG, JONES and WALTZER, JJ.
ARMSTRONG, Judge.
Plaintiff, Hayes Ferguson, filed this mandamus action under the Louisiana Public Records Act, La.R.S. 44:1 et seq., against defendants, Jack Stephens, Sheriff of St. Bernard Parish, Anthony Fernandez, Chief Deputy of St. Bernard Parish, and the St. Bernard Parish Sheriff's Office, seeking to compel them to produce public records relating to the finances of the Sheriff's Office. Plaintiff now appeals a portion of the judgment, claiming the trial court erred in dismissing the Sheriff's Office from the suit and in failing to award her attorneys fees and litigation costs.
On Friday, June 19, 1992, plaintiff, a news reporter employed by The Times-Picayune Publishing Corporation, hand-delivered to the St. Bernard Parish Sheriff's Office (the "Sheriff's Office"), a letter addressed to Sheriff Jack Stephens requesting access to a "check log" for the Sheriff's Office for the period since December 1990. After receiving no response by Wednesday, June 24, 1992, plaintiff contacted the Sheriff's Office and was referred to Chief Deputy Anthony Fernandez who, plaintiff stated, informed her that he wasn't sure what she meant by "check log." In response, plaintiff submitted a letter describing more particularly that she wanted access to a computer printout of all checks written by the Sheriff's Office since December 1990. Hereinafter, we will refer to this computer printout as the check register.
On Thursday, June 25, 1992, plaintiff met with Sheriff Stephens and Deputy Fernandez regarding another matter. At that time Sheriff Stephens informed her that "the records" were ready and that she could pick them up from Deputy Fernandez that afternoon. Plaintiff was also seeking access to other records from the Sheriff's Office. Sheriff Stephens testified at trial that he did not specifically inform plaintiff that the check register would be available, but may have been referring to the other public documents. Plaintiff tried to reach Deputy Fernandez that afternoon but he failed to return her telephone call. Plaintiff telephoned Sheriff Stephens the next day, Friday, June 26, 1992. He again told her "the records" were ready and to contact Deputy Fernandez. She attempted to contact Deputy Fernandez but he failed to return her call. On Monday, June 29, 1992, Deputy Fernandez informed plaintiff that the check register was in the possession of an auditor and, thus, was not available. Plaintiff subsequently filed this suit on July 9, 1992.
At trial, Sheriff Jack Stephens testified that his attorney informed him there was an exception in the Public Records Act excluding access to records in active use by an auditor. Therefore, he said it was his position that the check register, being in active use by the auditor, would not be available to plaintiff until the audit was completed. Sheriff Stephens admitted that he never had any communication with the auditor concerning plaintiff's request for access to the records. However, Sheriff Stephens testified that he was planning to ask the auditor if and when plaintiff could obtain access to the records when the instant suit was filed. After plaintiff's suit was filed Sheriff Stephens made no further inquiry as to whether the documents could be obtained from the auditor without interrupting the audit. He was advised by his attorney that plaintiff's counsel said not to bother, that they were filing the lawsuit.
Donald Murphy, a certified public accountant, was retained by the Sheriff's Office to perform its statutorily required audit for the two year period July 1, 1989 through June 30, 1991. Murphy said the check register had been in his possession since mid-May 1992. It is somewhat unclear whether at this time he had both the check register for the two-year period ending June 30, 1991 as well as the register covering July 1, 1991 forward. Murphy testified that he completed his audit for the period ending June 30, 1991 on June 10, 1992. A copy of the report with a cover *714 letter dated June 10, 1992 is contained in the record.
However, Murphy testified that at a June 17, 1992 exit conference subsequent to finishing the audit, the Sheriff's Office raised some questions concerning expenditures. The Sheriff's Office wanted to know more details about line item expenditures. Murphy said he needed the check register to examine for this reason. He stated that if he had found problems, an amended audit could have been filed with the state. Murphy stated that while he was only auditing the period ending June 30, 1991, he was also asked to review the check register for the period July 1, 1991 forward in the event he found problems relating to the check register for the prior period. That was why he was in possession of the check register for the period after July 1, 1991. He was in possession of that later check register as of the time of trial and it had been in his possession at least since the June 17, 1992 exit conference.
Murphy testified that prior to this litigation no one from the Sheriff's Office had contacted him regarding plaintiff's request to review the check register. Because of other obligations, Murphy said he was not working on the audit or reviewing the check register on a full time basis. In fact, Murphy admitted at trial that he had not worked on the audit for the Sheriff's Office since the June 17, 1992 exit conference. He also mentioned that he had been out-of-town for four days from July 7, 1991 to July 10, 1991. Murphy said the check register at issue was a computer printout approximately 6-8 inches thick. He admitted it would have been no problem to allow someone access to the check register for, say, one-half day for copying.
The trial court maintained defendants' exceptions of (1) lack of procedural capacity as to the St. Bernard Parish Sheriff's Office and (2) no cause of action as to Chief Deputy Anthony Fernandez. The court overruled motions of (1) unauthorized use of summary process and (2) no cause of action as to Sheriff Jack Stephens. The trial court found that there was no exception under the Public Records Act excluding public records from production because they were in active use by an auditor. Therefore, the court ordered the Sheriff to provide plaintiff access to the records on or before 1:00 P.M. July 16, 1992. The trial court also found that the Sheriff had relied on the advice of his attorney as to the applicability or existence of such an exception and acted in good faith. Therefore, the court denied plaintiff statutory attorney fees.
The trial court subsequently refused to grant defendant Jack Stephens a suspensive appeal. On the morning of July 16, 1992, defendant filed an application for emergency supervisory writs and a stay order with this court which was denied.[1] The Louisiana Supreme Court subsequently denied the same relief to defendant.[2] On July 23, 1992 the trial court denied plaintiff's motion for new trial on the issues of attorney's fees and costs and whether the exception of lack of procedural capacity should have been maintained as to the St. Bernard Sheriff's Office. On appeal, plaintiff raises the same issues as assignments of error.

PROCEDURAL CAPACITY OF THE SHERIFF'S OFFICE
In accordance with the Public Records Act, any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record. La.R.S. 44:31. The custodian shall present any public record to any person of the age of majority who so requests. La.R.S. 44:32. La.R.S. 44:1 defines custodian as:
[T]he public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
This court has previously held that a Sheriff's Office is not a legal entity capable of being sued. Jenkins v. Jefferson Parish Sheriff's Office, 385 So.2d 578 (La.App. 4th Cir.1980), reversed in part on other grounds, 402 So.2d 669 (La.1981). In Jenkins, this court held that the Jefferson Parish Sheriff's *715 Office was simply an office operated by the Sheriff of Jefferson Parish whose authority is derived from the state constitution. Id. at 579. La. Const. art. 5, § 27. See also Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Department, 350 So.2d 236 (La.App. 3rd Cir. 1977); writ denied, 352 So.2d 235 (La.1977).
Under the Public Records Act, a person denied access to public records by the custodian of those records has the right to institute an action seeking the issuance of a writ of mandamus directing the custodian to produce the records or to enjoin the custodian from withholding the records. La.R.S. 44:35(A), (B). The burden is on the custodian to sustain his action. La.R.S. 44:35(B). Plaintiff points to La.R.S. 44:35(E)(2) which provides that where the custodian arbitrarily or capriciously either (1) withholds the records or (2) fails to respond to a request for records, a court may award the requester actual damages and the custodian shall be held personally liable in solido with the "public body" for such damages. Plaintiff submits that this provision is evidence that the Public Records Act "endows" the Sheriff's Office with the procedural capacity to be named as a defendant in a suit under the Public Records Act.
La.R.S. 44:1(A)(1) broadly defines "public body" as:
[A]ny branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
While on its face plaintiff's argument may appear to have some merit, the provisions of La.R.S. 44:1(A)(1) cannot bestow the status of a legal entity on an office that consistently has been held to be a non-entity incapable of being sued. We decline to hold that the St. Bernard Sheriff's Office is a public body within the meaning of the Public Records Act. However, we agree with plaintiff that if Sheriff Jack Stephens is liable for attorney's fees and costs, he is liable in his official capacity as Sheriff of St. Bernard Parish.
ATTORNEY'S FEES AND COSTS
La.R.S. 44:35(D) provides:
If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
The trial court declined to award plaintiff attorney's fees and costs because it found that Sheriff Stephens had acted in good faith in reliance on advice from his attorney. Plaintiff submits that good faith is not a consideration under R.S. 44:35(D). She claims she prevailed and therefore is entitled to attorney's fees and other costs of litigation.
This court has in the past considered good faith in denying attorney's fees. In Lewis v. Spurney, 456 So.2d 206 (La.App. 4th Cir. 1984), writs denied, 457 So.2d 1183 and 458 So.2d 488 (La.1984), the plaintiff sued the now defunct Louisiana World Exposition, a private, non-profit corporation, seeking access to its business records, which it claimed were private. On appeal, it was held that the plaintiff was entitled to inspect some, but not all, of the corporation's records. This court declined to award attorney's fees because the plaintiff prevailed only in part and because the defendant's resistance was in good faith. More recently, however, in Association for Rights of Citizens, Inc. v. Parish of St. Bernard, 557 So.2d 714 (La.App. 4th Cir.1990), this court awarded attorney's fees to the plaintiff after it found that it was entitled to inspect all of the records it requested, not merely a portion as the district court had held. The defendant's good faith was not considered. In a per curiam decision issued on application for rehearing, this court strictly interpreted R.S. 44:35(D), stating:
The trial court denied mandamus after [the plaintiff] was only partially successful in securing the information requested. Then the trial court in its discretion appropriately denied attorney's fees. This *716 Court on appeal reversed the judgment of the trial court and granted mandamus. At that point [the plaintiff] was fully successful in obtaining all the information requested which actually existed. When a party is successful in a suit for mandamus for access to public records that party "shall be awarded attorney's fees and other costs of litigation."
La.R.S. 44:35(D).
See also, Dutton v. Guste, 395 So.2d 683 (La.1981) (attorney's fees awarded without consideration of defendant's good faith); Treadway v. Jones, 583 So.2d 119 (La.App. 4th Cir.1991) (attorney's fees awarded without consideration of defendant's good faith); Cummings v. Kempf, 570 So.2d 133 (La.App. 3rd Cir.1990) (attorney's fees awarded without consideration of defendant's good faith), writ denied, 575 So.2d 390 (La.1991). Defendant cites Gannett River States Publishing v. Hussey, 557 So.2d 1154 (La.App. 2d Cir. 1990), writ denied, 561 So.2d 103 (La.1990), where the court upheld a district court's denial of attorney's fees on the grounds that the defendant resisted the plaintiff's request to inspect records in good faith.
One indication of the legislature's intent in drafting R.S. 44:35(D) is contained in the following subsection, 44:35(E), which provides that when a court finds the custodian has arbitrarily or capriciously withheld the requested record or failed to respond to the request as required by R.S. 44:32, the court may award the requester actual damages and a civil penalty. The drafters of the statute conditioned an award of actual damages and a civil penalty on a showing of arbitrary or capricious conduct by the custodian. It is reasonable to assume that if the drafters of the statute intended that an award of attorney's fees under 44:35(D) be conditioned on the custodian's bad faith, that condition likewise would have been specified in the statute.
While we do not rule out the possibility that exceptional circumstances might warrant consideration of a custodian's good faith in determining whether to award attorney's fees under R.S. 44:35(D), that must be the exception rather than the rule. Ordinarily, in cases such as the instant one, if a person seeking access to public records prevails in a suit brought under R.S. 44:35, that party "shall be awarded reasonable attorney's fees and other costs of litigation" pursuant to R.S. 44:35(D). The trial court erred in finding that good faith on the part of Sheriff Stephens precluded an award of attorney's fees and other litigation costs to plaintiff.
Defendant next argues that, without regard to the issue of good faith, R.S. 44:33(B)(2) sets out an exception to the general rule of the public having immediate access to public records when those records are in "active use" by an auditor. La.R.S. 44:33(B) provides:
(1) If the public record applied for is immediately available, because of its not being in active use at the time of the application, the public record shall be immediately presented to the authorized person applying for it. If the public record applied for is not immediately available, because of its being in active use at the time of the application, the custodian shall promptly certify this in writing to the applicant, and in his certificate shall fix a day and hour within three days, exclusive of Saturdays, Sundays, and legal holidays, for the exercise of the right granted by this Chapter.
(2) The fact that the public records are being audited shall in no case be construed as a reason or justification for a refusal to allow inspection of the records except when the public records are in active use by the auditor.
Defendant submits that R.S. 44:33(B)(2) allows records in active use by an auditor to be kept from production until the auditor is finished with them. The trial court rejected that interpretation, finding that the Sheriff was required under R.S. 44:(B)(1) to give the certification and allow access to the records within the three-day period even if they were in active use by the auditor. Because we find that the records were not in active use at the time plaintiff requested them, we need not determine whether the certification and three day rule in subsection (B)(1) applies to *717 records in active use by an auditor.[3]
The Sheriff's accountant testified at the July 15, 1992 trial that he had not used the check register since the June 17, 1992 exit meeting with the Sheriff. Plaintiff's initial request was made in writing on June 19, 1992. Her more specific follow-up request was made on June 24, 1992, and she met with the Sheriff on June 25, 1992. In addition, the accountant was out of town for four days during that period, when the records would have been available.
There is a strong public policy in favor of the right of access to public records. Article 12, Section 3 of the Louisiana Constitution of 1974 provides in pertinent part that: "[n]o person shall be denied the right ... to examine public documents, except in cases established by law."
Louisiana citizens have an unequivocal constitutional and statutory right to examine public records. Access to such records can be denied only when a law specifically provides otherwise. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984).
The Public Records Law must be liberally interpreted to enlarge rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted. Lewis v. Spurney, 456 So.2d 206 (La.App. 4th Cir.1984), writs denied, 457 So.2d 1183 and 458 So.2d 488 (La.1984).
Treadway v. Jones, 583 So.2d at 119, 121.
Narrowly construing R.S. 44:33(B), we find that the records were not in active use as contemplated by that statute.
Defendant next argues that the trial court had the discretion not to award attorney's fees under La.R.S. 44:35(D) because plaintiff only prevailed in part. Defendant reasons that plaintiff only prevailed in part because the trial court ruled against her on the exceptions filed as to the St. Bernard Parish Sheriff's Office and Chief Deputy Anthony Fernandez, and dismissed them from the suit. We find no merit to this argument. Those parties were named along with Sheriff Jack Stephens as possible custodians of the records sought. However, the object of plaintiff's suit was access to the public recordsthe check register. Plaintiff prevailed on that demand and the trial court ordered original defendant Sheriff Stephens to produce the check register. Plaintiff completely prevailed as to the object of her suit and is entitled to attorney's fees and other litigation costs.
Defendant further argues that R.S. 44:35(E)(2) precludes an award of attorney's fees where the custodian has withheld production of the requested document on the advice of legal counsel. We disagree with defendant's interpretation of R.S. 44:35(E)(2) which provides in pertinent part:
The custodian shall be personally liable for the payment of any such damages (the damages provided for in R.S. 44:35(E)(1)), and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located....
Referring to R.S. 44:35(E)(1), subsection (E)(2) provides for the custodian's personal liability for the payment of damages when he has arbitrarily or capriciously (1) denied the requester access to the records sought or (2) has refused to properly respond to a request for access. Subsection (E)(2) further provides that the custodian shall be held personally liable in solido with the public body in which his office is located for the R.S. 44:35(D) attorney's fees and other litigation costs where, again we believe, referring back *718 to R.S. 44:35(E)(1), he acted arbitrarily or capriciously in denying access or withholding access to records, except where he withheld or denied access to the records on advice of legal counsel.
The statutory scheme of the Public Records Act apparently does not contemplate that a custodian who denies or withholds access to records in the course and scope of his employment or, as in the instant case, in his official capacity, is personally liable for attorney's fees and other costs of litigation. We believe the purpose of R.S. 44:35(E)(2) is to set out the circumstances under which a custodian may be held personally liable alone and personally liable in solido with the public body. We do not believe this provision was intended to provide an exception allowing the public body employing the custodian, or the custodian in his official capacity, to escape liability for the payment of attorney's fees and other costs of litigation solely because the custodian who denies or withholds access to records does so on the advice of legal counsel.
Therefore, for the stated reasons, we find that the trial court erred in failing to award plaintiff attorney's fees and other costs of litigation as provided by La.R.S. 44:35(D). Accordingly, we will remand this case to the trial court for assessment of attorney's fees and other costs of litigation.
For the foregoing reasons, we affirm the judgment of the trial court in part; amend it to provide that St. Bernard Parish Sheriff Jack Stephens is liable in his official capacity as Sheriff of St. Bernard Parish; reverse it in part; and remand this case to the trial court for determination of plaintiff's attorney's fees and other costs of litigation. All costs of this appeal are assessed against defendant, St. Bernard Parish Sheriff Jack Stephens.
AFFIRMED IN PART; AMENDED; REVERSED IN PART; REMANDED.
NOTES
[1] In re Jack Stephens, 92-C-1612 (La.App. 4th Cir. July 16, 1992).
[2] In re Jack Stephens, 601 So.2d 664 (La.1992).
[3] We do not find that State ex rel. Wogan v. Clements, 192 So. 126 (Orleans Ct.App.1939) or State ex rel. Wogan v. Clements, 194 La. 812, 195 So. 1 (1940), both cited by defendant, support the view that R.S. 44:33(B)(2) allows records not in active use but simply in the possession of an auditor to be excluded from the requirements of the Public Records Act. The present Public Records Act, R.S. 44:1 et seq., including R.S. 44:33(B)(2), was not in effect at the time these cases were decided, nor was the public policy in favor of unrestricted access to public records as strong in 1939 and 1940 as it is today, fifty years later.