JUDE G. GRAVOIS, Judge.
| ¡.Plaintiffs, Michael and Cynthia Brand-ner (the “Brandners”), appeal a judgment rendered against them awarding attorneys’ fees in the amount of $56,500 and costs in the amount of $15,096.61 to defendant, Staf-Rath, L.L.C. (“Staf-Rath”), pursuant to the terms of a purchase agreement for commercial immovable property the parties had entered into. For the following reasons, we find that the trial court did not abuse its discretion in its award of attorneys’ fees and costs to Staf-Rath. Accordingly, we affirm the judgment of the trial court under review.

FACTS AND PROCEDURAL HISTORY

The history of this ease can be found in Brandner v. Staf-Rath, L.L.C., 10-778 (La.App. 5 Cir. 4/26/11), 64 So.3d 812, writ denied 2011-1085 (La.9/2/11), 68 So.Sd 528. The Brandners, potential purchasers of the commercial immovable property in question, sued Staf-Rath, the owner/seller of the property, for liquidated damages and specific performance, claiming that Staf-Rath had breached the purchase agreement the parties had entered into when the sale failed Rto take place on the agreed-to closing date, as more fully described in this Court’s prior opinion.[1] Staf-Rath filed a reconventional demand against the Brandners for liquidated damages as per the terms of the purchase agreement, alleging that it was the Brand-ners who had breached the purchase agreement. After almost two years of litigation, the matter proceeded a five-day bench trial. The Brandners called nine witnesses in the prosecution of their main demand. Staf-Rath called one witness on its reconventional demand. The parties introduced 108 exhibits in the joint bench book comprising 822 pages. After the introduction and analysis of extensive parol evidence, the trial court found that the parties had orally amended the written purchase agreement and that the Brand-ners had breached the amended agreement by failing to purchase the property from Staf-Rath on the agreed-to closing date of January 8, 2007. In a judgment dated December 15, 2009, the trial court dismissed the Brandners’ claim on their main demand and ruled in favor of Staf-Rath on its reconventional demand, awarding Staf-Rath liquidated damages in the amount of $56,500 (representing ten percent of the purchase price of the property, per the terms of the purchase agreement), and $6,937.50 in costs. The Brandners appealed, assigning five errors. This Court affirmed the judgment of the trial court in favor of Staf-Rath.[2]
While the appeal was pending in this Court, the trial court held a three-day hearing on the issue of reasonable attorneys’ fees due Staf-Rath as per the terms *189 of the purchase agreement.[3] Staf-Rath claimed that it had the right under the purchase agreement to recover all of the attorneys’ fees it incurred in defending itself against |4the Brandners’ main demand, in prosecuting its reconventional demand, in association with its third-party demand against Latter & Blum, the agency that had the listing agreement on the property, and Latter & Blum’s agent involved in the matter, in defending against Latter & Blum’s intervention, and in association with the hearing on reasonable attorneys’ fees, such fees allegedly totaling over $285,000 through January of 2011.
After taking the matter under advisement and considering post-trial memoran-da, the trial court awarded Staf-Rath attorneys’ fees in an amount equal to the amount it had awarded to Staf-Rath on its reconventional demand ($56,500), plus $15,096.61 in additional costs. The trial court, in its reasons for judgment, declined to award Staf-Rath attorneys’ fees in an amount greater that the amount awarded on the main demand, indicating in its reasons for judgment that it could find no authority to award attorneys’ fees in excess of the amount awarded on the main demand.
On appeal, the Brandners argue first that Staf-Rath has failed to prove entitlement to contractual attorneys’ fees, and second that the amount of attorneys’ fees and costs awarded was excessive. Staf-Rath answered the appeal, arguing that it is entitled to recover all attorneys’ fees it has incurred in connection with this litigation.

RIGHT TO RECOVER REASONABLE ATTORNEYS’ FEES

In Louisiana, the prevailing party may not recover attorneys’ fees except where authorized by contract or statute. Rivet v. State, Dept. of Transp. and Development, 96-0145, p. 10 (La.9/5/96), 680 So.2d 1154, 1160. An award of attorneys’ fees will not be modified on appeal absent a showing of an abuse of ^discretion. Master Credit Corp. v. Campbell & Associates, Inc., 98-0349 (La.App. 4 Cir. 11/25/98), 724 So.2d 266, 267.
When determining an award of reasonable attorneys’ fees, courts must take into consideration the following factors in determining the reasonableness of attorneys’ fees to be awarded: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court’s own knowledge. State, DOTD v. Williamson, 597 So.2d 439, 442 (La.4/20/92). Case law does not require the court to weigh one particular factor more than the others; rather, the court must consider each factor in light of the specific facts of each case.
Jurisprudence reveals that courts consider the above factors in all cases to determine reasonable attorneys’ fees to be awarded regardless of whether the right to attorneys’ fees arises by statute or contractual provision. See Health Educ. and Welfare Federal Credit Union v. Peoples, *190 11-672 (La.App. 3 Cir. 12/7/11), 83 So.3d 1055 (redhibition case); Stone Ins., Inc. v. Beyer-Beeson Ins. Agency, Inc., 10-23 (La.App. 5 Cir. 6/29/10), 45 So.3d 1125 (contractual attorneys’ fees award).
A contract is the law between the parties. LSA-C.C. art. 1983. Where the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA-C.C. art. 2046.
The pertinent language of the contract provision in this case (the purchase agreement entered into by the parties) is as follows, to-wit:
| (/‘Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay agent’s commission and all reasonable attorney’s fees and costs incurred by other party, and/or agent in enforcing their respective rights.”
In their first assignment of error, the Brandners argue that Staf-Rath failed to prove that it is entitled to attorneys’ fees because a “large portion” of the attorneys’ bills submitted by Staf-Rath related to incidental matters (the third-party demand and the intervention) and matters that occurred prior to the failed closing.[4] The Brandners also argue that Staf-Rath’s attorneys’ bills were so redacted as to make it virtually impossible for the court to ascertain exactly what matter was billed and for how much.
These arguments by the Brandners go more towards the amount of the award of attorneys’ fees rather than Staf-Rath’s right under the contract to an award of attorneys’ fees. Regarding the right to an award of attorneys’ fees itself, it is clear that Staf-Rath prevailed fully in the underlying litigation to enforce its rights under the purchase agreement. The Brandners state in brief that they find it suspicious that Staf-Rath did not introduce any cancelled checks showing that it had in fact paid the attorneys’ fees requested. Staf-Rath’s attorneys, Mr. Stephen Schott, Mr. John Young, and Ms. Ashley Belleau, testified and identified all of their bills reflecting work performed for Staf-Rath in connection with this litigation. They testified that all of the bills were presented to Mr. Raymond Rathle, the principal of Staf-Rath, and were paid by Staf-Rath in a timely fashion. Mr. Rathle also testified and identified all of these same bills, and stated unequivocally that Staf-Rath paid the same. Accordingly, as the prevailing party, we find that Staf-Rath has satisfied |7its burden of proving that it is entitled to the award of reasonable attorneys’ fees from the Brandners as per the contractual terms of the purchase agreement.

AMOUNT OF REASONABLE ATTORNEYS’FEES

The Brandners next argue that the amount of attorneys’ fees awarded to Staf-Rath was excessive. At the hearing, Staf-Rath claimed the right to attorneys’ fees in the amount of at least $271,000,[5] but was awarded only $56,500 in attorneys’ fees by the trial court. The Brandners argue that the fees attributable to the incidental and third-party demands ($11,191.75), the fees attributable to the second motion for sum *191 mary judgment ($17,507.50), the fees attributable to trial/preparation ($53,810), and the fees attributable to attorneys filing documents in court ($5,567) should not be allowed.[6] They also argue that an award of any amount of attorneys’ fees in excess of the main demand in this case is “unconscionable” and unreasonable.
We find that it is not per se unreasonable to award reasonable attorneys’ fees under Rivet in an amount that exceeds the amount recovered on the main demand. See Health Educ. and Welfare Federal Credit Union v. Peoples, supra (reasonable attorneys’ fees of over $53,000 awarded on recovery of $13,000 in specific damages). Other courts in Louisiana have also affirmed on appeal the award of reasonable attorneys’ fees that were in excess of the main demand. See Dailey v. The Home Furnishings Store, 02-1225 (La.App. 4 Cir. 9/17/03), 857 So.2d 1051; Acadian Gas Pipeline System v. Bourgeois, 04-578 (La.App. 5 Cir. 11/30/04), 890 So.2d 634; Garden Lakes Condominium Homeowners Ass’n v. Perrier, 10-1016 | s(La.App. 5 Cir. 5/24/11), 66 So.3d 1147; South Texas Pioneer Millwork v. Favalora Constructors, 11-722 (La.App. 5 Cir. 3/13/12), 90 So.3d 1092. In this particular case, however, for the following reasons, we find that the trial court did not abusé its discretion in awarding attorneys’ fees to Staf-Rath in an amount equal to the amount recovered on the main demand.
In its reasons for judgment, the trial court noted that the parties engaged in “extended legal wrangling” for an “extended period of time” pertaining to the setting of the hearing for attorneys’ fees. Our review of the record in this appeal shows that the legal wrangling was caused mostly by the Brandners’ resistance to a hearing to set attorneys’ fees, which required Staf-Rath to insist on its right to a hearing, a right that this Court unequivocally upheld, as noted above.
In analyzing the Rivet factors, the trial court concluded that the “intricacies of the facts involved” (factor 8), and “the court’s own knowledge” (factor 10), were not in Staf-Rath’s favor, because the court found that this was “(again) a fairly simple case involving only the interpretation of a contract to sell real estate, and the Court’s own knowledge of how it came to its conclusions as to who breached that contract militates against a very large attorney’s fee.” With all due respect to the trial court, its recollection of the matter as “fairly simple” is not supported by the record in this case. The Brandners filed suit within a month of the failed closing, after rebuffing Staf-Rath’s almost immediate offers to salvage the deal, and Staf-Rath’s almost immediate offer for the parties to “walk away” from the sale as well. The matter did not go to trial until 2009, after almost two years of litigation. The record shows that the trial lasted five days, with the Brandners calling nine witnesses in their case-in-chief; Staf-Rath called only one additional witness on its reconventional demand. The parties’ bench book had 108 exhibits totaling 322 pages. This Court’s opinion on the first appeal affirming the | ¡judgment in favor of Staf-Rath comprised 25 pages and noted that “extensive” parol evidence was introduced by the parties to prove (or disprove) that the parties had orally amended the written purchase agreement. Thus, the matter was not merely one of simple contract interpretation, but rather was in fact quite complicated, requiring the analysis of much parol evidence in the form of emails *192 and other communications between the parties, and was vigorously prosecuted by the Brandners, which in turn required extensive trial preparation by Staf-Rath.
Next, the trial court looked at factor 2, the “responsibility incurred,” and concluded that this factor somehow related to how Staf-Rath was billed by its attorneys. This Court believes that this factor has more to do with the responsibility incurred in the litigation, rather than how Staf-Rath was billed by its attorneys. As noted above, this was a complicated and highly contested contractual matter, rather than a simple real estate matter. The time and labor required in this case were extensive. There were multiple written discovery requests, eleven depositions prior to the trial on the merits, 19 court appearances (14 appearances prior to the commencement of the attorneys’ fees trial, four additional appearances for the attorneys’ fees trial, and one appearance in this Court for oral argument in the first appeal), testimony by ten witnesses at the merits trial, testimony by six witnesses at the attorneys’ fees trial, a successful writ application between the merits and attorneys’ fees trials, hundreds of pages of trial exhibits, an unsuccessful appeal by the Brandners of the judgment on the merits, and an unsuccessful Louisiana Supreme writ application by the Brandners of the judgment on the merits. Thus, the responsibility in this ease was great.
Having fully examined the record and exhibits, we find no abuse of the trial court’s discretion in its award of attorneys’ fees in this case. In determining its award of attorneys’ fees, it is apparent that the trial court considered all of the Rivet | infactors, and though it appeared to focus heavily on the award-to-fee ratio factor, we cannot say the trial court abused its great discretion in its award attorneys’ fees to Staf-Rath, especially given the complexity of the case as noted above and the fact that Staf-Rath has prevailed both at trial and in two appeals to this Court.
Further, we have fully considered Staf-Rath’s request in its answer to this appeal for an increase in the amount of attorneys’ fees awarded, but find under the particular facts and circumstances of this case, no abuse of the trial court’s great discretion in its award of attorneys’ fees to Staf-Rath.
COSTS
The Brandners also appeal the award of costs of $15,096.61, arguing that the trial court failed to identify which costs were being awarded and failed to show that the costs awarded were those allowed by law. They also argue that the costs awarded in this judgment are “undoubtedly” a re-taxing of the costs that the trial court awarded in the judgment in the underlying matter. Further, the Brandners argue that Staf-Rath presented insufficient evidence regarding these costs, concluding that Staf-Rath improperly included costs attributable to pre-closing matters and the incidental demands.
The language in the purchase agreement specifically states that the party who refuses to comply with the terms of the offer “agrees to pay ... all reasonable attorney’s fees and costs incurred by other party, and/or agent in enforcing their respective rights.” (Emphasis added.) Accordingly, there is clearly no merit to the Brandners’ argument that Staf-Rath is not entitled under the contractual language, as the prevailing party, to recover its costs from the Brandners.
The trial judge has great discretion in awarding costs, and his assessment of costs can be reversed by the appellate court only upon a showing of an abuse of | T1 discretion. Rauch-Milliken Int’l, Inc. v. Halprin, 09-723, p. 3 (La.App. 5 Cir. 12/29/09), 30 So.3d 879, 882.
*193 In its reasons for judgment, the trial court correctly noted that “costs” are not subject to the reasonableness determination made regarding attorneys’ fees. The court also noted specifically that the costs awarded following the attorneys’ fees hearing were not duplicative of the costs of $6,937.50 that were awarded in the underlying judgment. The court noted that it arrived at the amount of costs after considering the evidence introducéd during the three days of the hearing on reasonable attorneys’ fees.
The Brandners argue here that the trial court, in its award of $15,096.61 for costs, awarded costs that were not allowable by law. However, the Brandners fail to specifically identify what costs the court awarded that are contrary to the law or that were awarded improperly. They also argue that the costs awarded surely included costs attributable to matters other than the underlying litigation, and perhaps the incidental matters, but their allegations are conclusory and fail to specify any particular costs identifiable to those other matters or that were improperly awarded. Given the conclusory and non-specific nature of this assignment of error, we have no basis upon which to conclude that the trial court abused its great discretion in its award of costs in favor of Staf-Rath. Further, our review of the invoices provided by Staf-Rath supports the award. Accordingly, we affirm that portion of the award.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court under review. Further, all costs of this appeal are taxed to the Brandners.

AFFIRMED

. The Brandners' claim for specific performance against Staf-Rath was later dismissed. The Brandners also filed a notice of lis pen-dens against the immovable property in question which was ultimately cancelled.

. This Court also amended the judgment to clarify which party was cast in judgment. That amendment is not pertinent to this appeal.

. The Brandners desired to stay the hearing on attorneys’ fees until after this Court ruled on their appeal. This Court granted a writ application in Staf-Rath's favor, ruling that the trial court retained jurisdiction to hear the attorneys’ fees matter during the pendency of the appeal. Brandner v. Staf-Rath, L.L.C., No. 10-C543 (La.App. 5 Cir. 7/19/10) (unpublished writ disposition).

. The Brandners do not give a dollar amount for this alleged "large portion.” Staf-Rath, on the other hand, states in brief and in the record that the total amount of fees attributable to the third-party demand and incidental demand is $11,191.75.

. Staf-Rath asserts in brief that this amount has now increased due to the Brandners’ appeal of the attorneys’ fee award, the second appeal in this case.

. At the outset of our analysis, we note that the specific amounts listed above that the Brandners claim were unreasonable were obviously not awarded, their total being less than the difference between the amount claimed and the amount awarded.