Judge Regina Bartholomew-Woods
New Orleans Bulldog Society ("NOBR") appeals the judgment of the trial court, granting, in part, and denying, in part, its Motion to Assess Attorney's Fees and Penalties, and granting, in part, and denying, in part, Louisiana Society for the Prevention of Cruelty to Animals ("LSPCA") Motion for Declaratory Judgment. The trial court awarded NOBR $ 5,000.00 in attorney's fees and $ 1,687.50 in costs, and denied NOBR's request for penalties. For the reasons that follow, we amend, in part, and affirm as amended, the judgment rendered by the trial court.
FACTS AND PROCEDURAL BACKGROUND
NOBR is a Louisiana nonprofit corporation dedicated to the rescue and advocacy of dog welfare in the Greater New Orleans area. In an effort to evaluate how to best limit the number of dogs euthanized annually, NOBR sought related information from LSPCA. LSPCA is a private non-profit organization that is dedicated to the welfare of animals in Louisiana, and is classified by the Internal Revenue Service as a private charitable 501(c)(3). LSPCA maintains a Cooperative Endeavor Agreement ("CEA") with the City of New Orleans ("the City") to provide animal control services, as required by Chapter 18 of the City of New Orleans Code of Ordinances.
Because of LSPCA's CEA with the City, NOBR submitted an itemized public records request to the City seeking information regarding the dogs euthanized by LSPCA, of which a copy was submitted to LSPCA. Its request was as follows:
Requests 1-32 sought specific information as to the LSPCA definitions, policies, procedures, and outcomes related to the evaluation, adoption, and/or euthanasia of surrendered/stray animals in control of LSPCA; Requests 33-34 related specifically to an [sic] Cane Corso named Leatrice euthanized by the LSPCA in December 2014; Request 35 requested documents related to the "staff hours spent by LSPCA Animal Control Officers travelling, waiting, and appearing in court in Orleans Parish; and Requests 36-37 sought documents and emails regarding the Bulldog Rescue's "Animal Court" proposal to streamline animal-related cases before the municipal court in New Orleans.
New Orleans Bulldog Society v. LSPCA, 2015-1351, p. 2 (La.App. 4 Cir. 9/7/16), 200 So.3d 996, 998.
The City Attorney's Office responded to the request stating that the City was not the custodian of the requested records, and that such request should be sent directly to LSPCA. Accordingly, NOBR submitted its itemized public records request directly to LSPCA. LSPCA responded to the request asserting it was not a "public *49 body;" therefore, it was not subject to the Public Records Law ("PRL"). Ann Zorilla ("Ms. Zorilla"), Chief Executive Officer of LSPCA, asserted that the only required reporting was delineated in the CEA between LSPCA and the City. Ms. Zorilla also asserted LSPCA had fulfilled the reporting requirements, and the reports were available through the City Attorney's Office.
In response to LSPCA's contest, NOBR filed a petition for a writ of mandamus in the trial court, seeking declaratory judgment and injunctive relief pursuant to the PRL. LSPCA, in return, filed exceptions of unauthorized use of summary proceedings and no cause of action, requesting NOBR's petition be dismissed with prejudice. LSPCA supported the exceptions with an affidavit executed by Ms. Zorilla and a copy of the CEA.
The trial court orally granted LSPCA's motion to dismiss the NOBR's petition for writ of mandamus. The trial court found that LSPCA was not a quasi-public entity under the PRL and, even assuming that LSPCA was a quasi-public entity, it had fulfilled all reporting obligations under the PRL by complying with the requirements delineated in the CEA.
NOBR subsequently filed a devolutive appeal in this Court. This Court reversed the trial court, holding that LSPCA was subject to the PRL. This Court reasoned that LSPCA acted as an "instrumentality to a municipality" in performing certain mandated municipal services as outlined in the CEA. New Orleans Bulldog Society , 2015-1351, p.10, 200 So.3d at 1002. This Court further stated the PRL cannot be circumscribed by contract, and LSPCA's "limited contractual reporting requirements in the CEA is not equivalent of a 'public record' as defined [sic] La. Rev.Stat. 44:1(A)(2)(a), and, as such, the LSPCA's entity's compliance with its contractual reporting requirement to the City does not satisfy its obligations under the Public Records Law;" and LSPCA "has offered no reason (beyond its failed argument that it is not subject to the Public Records Law) for refusing to provide public access to its records." Id. , 2015-1351, pp. 11-12, 200 So.3d at 1002-03.
LSPCA then filed a Writ of Certiorari to the Louisiana Supreme Court, wherein the Louisiana Supreme Court affirmed this Court, finding that LSPCA acts as an instrumentality of a municipality. The Louisiana Supreme Court reasoned that LSPCA acts "under the color of City authority through its enforcement of Chapter 18 infractions, issuance of citations, and appearance in court on related matters of animal control." New Orleans Bulldog Society v.LSPCA, 2016-1809, p. 8 (La. 5/3/17), 222 So.3d 679, 685. The Louisiana Supreme Court affirmed this Court in finding that LSPCA's contractual reporting requirements did not constitute compliance with the PRL. New Orleans Bulldog Society , 2016-1809, p. 12, 222 So.3d at 687. However, the Louisiana Supreme Court held that LSPCA's responses should be limited only to documents that pertain to "LSPCA's functions, duties, and responsibilities to enforce Chapter 18 of the Municipal Code as outlined in the CEA." Id. , 2016-1809, p. 13, 222 So.3d at 688. The matter was remanded to the trial court for a determination of which documents satisfy this requirement. Id. , 2016-1809, p. 14, 222 So.3d at 688.
Upon remand, counsel for the parties entered into discussions regarding production of the public records. NOBR filed a motion for status conference with the trial court to determine the next steps pursuant to the Louisiana Supreme Court's ruling. A telephone status conference was held, at which time the trial court ordered LSPCA to produce all uncontested documents. Accordingly, *50 LSPCA produced documents responsive to NOBR's public records request. In its response, LSPCA raised objections to several of the requests. LSPCA objected to some of the requests based upon veterinary privilege.[1] It also raised objections that some requests were unrelated to LSPCA's duties and responsibilities, as outlined in the CEA with the City, and that the specificity of other requests were unsearchable fields within its database and reports. Despite these objections, LSPCA stated it would produce the documents if the trial court issued a protective order. NOBR, however, provided a letter to LSPCA stating it accepted the responses to its public records request; thus, LSPCA's objections were never litigated. In its acceptance letter, NOBR also provided LSPCA with all relevant billing information regarding attorney's fees associated with the public records requests and the ensuing litigation. LSPCA filed a Motion for Declaratory Judgment asking the trial court to make a determination regarding attorney's fees. NOBR, in response, filed a Motion to Assess Fees, Costs, and Penalties, and submitted a statement for a total of sum of $ 24,181.25, which represented $ 22,493.75 in attorney's fees and $ 1,687.50 in court costs.
A hearing was held in the trial court on the issue of attorney's fees. The trial court ruled that NOBR prevailed, in part, and awarded $ 5,000.00 in attorney's fees and $ 1,687.50 in costs. In the judgment, the trial court cited the Louisiana Supreme Court's reasoning that LSPCA is required to disclose all documents relevant to its duties and responsibilities outlined in the CEA with the City. The trial court also referenced a "white paper"[2] in finding that the case was an expansion of the PRL to private entities that previously may not have been considered public entities under the law. The trial court alluded to factors enumerated by the Louisiana Supreme Court in State, Department of Transportation and Development v. Williamson , 597 So.2d 439 (La. 1992), to determine a reasonable award of attorney's fees. The trial court also reviewed the itemized time sheets and statement of costs submitted by NOBR. Following the judgment, NOBR filed this appeal in which it asserts four assignments of error; we, however, will only address three of the assignments of error.[3]
*51 STANDARD OF REVIEW
Trial courts are vested with great discretion in determining an award of attorney's fees pursuant to La. R.S. 44:35(D). The Louisiana Supreme Court has established ten factors to be considered in determining the reasonableness of attorney's fees, which will be discussed further below. Williamson , 597 So.2d at 442. This Court provided the appellate standard of review applicable to a determination of the reasonableness of fees in Billieson v. City of New Orleans, 2015-0858, p. 6 (La.App. 4 Cir. 1/27/16), 186 So.3d 786, 790 :
On appellate review of a determination of an attorney fee, we first ensure that the trial judge adequately considered the ten factors and then, if we find that they were adequately considered, we review the award under an abuse-of-discretion standard.
This Court also provided, in Boes Iron Works, Inc. v. Gee Cee Group, Inc. , 2016-0207, p. 8 (La.App. 4 Cir. 11/16/16), 206 So.3d 938, 946, that the exercise of the trial court's discretion will not be reversed unless there is "a showing of clear abuse of discretion." Abuse of discretion generally results when a conclusion is reached "capriciously or in an arbitrary manner." Roper v. City of Baton Rouge/Parish of East Baton Rouge , 2016-1025, p. 28 (La.App. 1 Cir. 3/15/18), 244 So.3d 450, 469.
ANALYSIS
Assignment of Error No. 1
In its first assignment of error, NOBR argues the trial court erred in finding that it only partially prevailed in the lawsuit. The question to be addressed by this Court is whether NOBR prevailed on all issues litigated. We agree that NOBR only prevailed in part.
La. R.S. 44:35(D)(1) provides[4] :
If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
(Emphasis added).
This Court, in Ferguson v. Stephens , 623 So.2d 711 (La.App. 4th Cir. 1993), addressed when a party prevails in full. In Ferguson , the plaintiff filed a mandamus action against the St. Bernard Parish Sheriff's Office ("the Sheriff") seeking to compel production of public records pertaining to its financial records. The trial court found the plaintiff was only partially successful in obtaining the requested information, but also found that the Sheriff acted in good faith in objecting to the public records request and dismissed the Sheriff from the suit. The trial court denied the mandamus action; thus, in its discretion, the trial court denied attorney's fees. This Court reversed this judgment and granted the mandamus action, finding that the plaintiff was fully successful in obtaining all the information requested.
The defendant in Ferguson argued the trial court had discretion to deny an award for attorney's fees because the trial court found the plaintiff only prevailed, in part. The defendant asserted that the plaintiff only prevailed, in part, because the trial court ruled against her on exceptions filed against the Sheriff and Chief Deputy and *52 dismissed them from the suit. This Court found no merit to this argument, reasoning, in part:
However, the object of the plaintiff's suit was access to the public records-the check register. Plaintiff prevailed on that demand and the trial court ordered original defendant Sheriff Stephens to produce the check register. Plaintiff completely prevailed as to the object of her suit and is entitled to attorney's fees and other litigation costs.
Id. , 623 So.2d at 717.
In contrast to Ferguson , in Roper v. City of Baton Rouge , 2016-1025 (La.App. 1 Cir. 3/15/18), 244 So.3d 450, the Court of Appeal First Circuit ("First Circuit") addressed a matter in which a plaintiff only partially prevailed. Roper appealed the trial court's judgment that denied her mandamus action and found that only one defendant acted "arbitrarily or capriciously" in failing to respond to her public records request. She filed a suit against several city officials alleging these officials arbitrarily and capriciously withheld public records she requested. The trial court only awarded the plaintiff attorney's fees against one defendant. The First Circuit affirmed the trial court's decision as it related to the award of attorney's fees. The First Circuit found ample evidence that supported the trial court's discretionary award of attorney's fees against that defendant. Contrarily, the First Circuit found the other defendants generally cooperated with efforts to respond to plaintiff's request. The First Circuit further reasoned that because the plaintiff "prevailed on some, but not all, of her claims, an award of attorney fees was discretionary with the trial court under Subsection 44:35D." Id. , 2016-1025, p. 28, 244 So.3d at 46 . Thus, the Court did not find that the trial court abused its discretion in determining a reasonable award of attorney's fees.
Here, NOBR argues that it prevailed in full because it prevailed on all issues that were litigated before this Court, as well as, the Louisiana Supreme Court; to wit, when it sought to enforce the PRL against LSPCA. NOBR's argument fails because it did not prevail, in full, as to the object of its suit. As provided in Ferguson , a party prevails in full, if successful as to the "object" of its suit. Ferguson , 623 So.2d at 717. While NOBR prevailed in obtaining a ruling that LSPCA was a quasi-public entity subject to the PRL, the "object" of its original suit was to obtain specific documentation from LSPCA, and the Louisiana Supreme Court's ruling limited the scope of production. On remand, the trial court ordered that LSPCA produce all uncontested documents, which LSPCA did while also objecting to certain requests asserting veterinary privilege and objecting to relevancy of certain requests relating to LSPCA's duties and responsibilities delineated in the CEA. To further support its argument, NOBR asserts that these objections are untimely and newly asserted because LSPCA raised these objections after the trial court ordered production. LSPCA, however, argues that it asserted objections to several of NOBR's requests throughout this litigation. LSPCA asserts that it raised objections to the scope of NOBR's requests in its first responsive pleading before the trial court and raised objections to the appropriateness of NOBR's request under the PRL in its appellate brief before this Court, as well as, in its briefs before the Louisiana Supreme Court. Despite these arguments, NOBR acknowledged acceptance of LSPCA's partial production, which precluded a court from reviewing and ruling on the objections. The object in NOBR's suit was access to all of the requested *53 documents. NOBR was not successful in securing a judgment requiring LSPCA to turn over every document requested, only those that were relevant to the LSPCA's "discharge of its duties and responsibilities" as outlined in the CEA with the City. New Orleans Bulldog Society , 2016-1809, p. 14, 222 So.3d at 688. Thus, it cannot be said that NOBR was successful as to the "object" of its suit. Similar to the plaintiff in Roper , NOBR was successful as to some of its claims, but not all. Roper , 2016-1025, p. 28, 244 So.3d at 468. Thus, this Court does not conclude that the trial court erred in finding that NOBR only prevailed in part. Thus, this assignment is without merit.
Assignments of Error No. 2 and 3
NOBR's second and third assignments of error are that the trial court failed to specifically consider the Williamson factors and erred in only awarding NOBR $ 5,000.00 in attorney's fees.
The Louisiana Supreme Court established ten factors to be considered in determining the reasonableness of attorney's fees:
Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.
Williamson , 597 So.2d 439 at 442, (citing State through Department of Transportation and Development v. Jacob , 491 So.2d 138 (La.App. 3d Cir. 1986) ; State v. Ransome , 392 So.2d 490 (La.App. 1st Cir. 1980) ).
LSPCA argues the Williamson factors are inapplicable when a party only prevails in part. When a party prevails, "he [or she] shall be awarded reasonable attorney fees and other costs of litigation." La.R.S. 44:35(D). However, when a party prevails only in part, "the court may in its discretion award him [or her] reasonable attorney fees or an appropriate portion thereof ." Id. (emphasis added). Courts have employed the Williamson factors to serve as a guide in determining the reasonableness of fees, a determination which must be made whether a party prevails in full or in part. Thus, this Court finds it appropriate to apply the Williamson factors in this case even though we have found NOBR prevailed only in part.
The first factor requires this Court to analyze the ultimate result obtained by NOBR. This Court finds that the result obtained was indeed a successful one, albeit only partial. Prior to the institution of this lawsuit, LSPCA denied NOBR's public records request asserting it was not a public body subject to the PRL. However, due to the efforts of NOBR, this matter was litigated and appealed to both this Court, as well as the Louisiana Supreme Court, which rendered rulings making clear the applicability of the PRL.
The second and third factors require this Court to analyze the responsibility incurred by NOBR and the importance of the litigation. The Court of Appeal Fifth Circuit provided that the second factor "has more to do with the responsibility incurred in the litigation ..." Brandner v. Staf-Rath, LLC, 12-62, p. 9 (La.App. 5 Cir. 5/31/12), 102 So.3d 186, 192. Here, NOBR had to prove that LSPCA was subject to the PRL. In its efforts, NOBR litigated the matter before this Court and the Louisiana Supreme Court. NOBR had to present oral arguments before this Court and *54 the Louisiana Supreme Court. Upon remand to the trial court, LSPCA asserted objections to NOBR's request and sought an agreement to limit the scope of documents it was required to produce. NOBR had to file a motion for a status conference in the trial court asking the court to order LSPCA to produce the documents responsive to its request. NOBR was successful in this effort. The trial court did order LSPCA to produce all uncontested documents. Additionally, NOBR recorded a total of 131.75 billable hours. As it relates to the importance of the litigation, it is an undisputed fact that this litigation presented issues that were res nova in Louisiana courts. In turn, this litigation expanded the PRL to encompass private entities that engaged in public functions.
The fourth factor requires considering the amount of money involved, and the seventh factor requires looking at the number of appearances made. NOBR's counsel asserts that it should be awarded $ 22,493.75 in attorney's fees, based on a total of 131.75 hours worked, which was supported by invoices for fees associated with this litigation. Further, NOBR made several court appearances, having presented oral arguments before this Court twice and before the Louisiana Supreme Court. NOBR also presented evidence and arguments at the motion hearing that resulted in the appeal before us.
The fifth factor considers the extent and character of the work performed, and the eighth factor considers the intricacies of the facts in dispute. NOBR presented arguments twice before this Court-before both a three judge panel and a five judge panel-and the Louisiana Supreme Court. NOBR was proactive in ensuring LSPCA produced the responsive documents to their requests upon remand. As to the intricacy of facts in dispute, we note again that this litigation presented issues that were res nova in Louisiana.
The sixth factor considers the legal knowledge, and the ninth factor considers the diligence and skill of the counsel. NOBR's counsel has over thirty (30) years of combined experience in the practice of law. We note again that this litigation resulted in an expansion of the PRL and NOBR was successful in securing the production of certain requested documents. We find this to be an illustration of diligence and skill.
Lastly, the tenth factor considers the trial court's own knowledge. NOBR asserts that the trial court had no familiarity with the issues in the litigation. This Court acknowledges that great discretion is given to trial courts because of their "greater familiarity with the issues involved in the overall case..." Billieson , 2015-0858, p. 6, 186 So.3d at 790. Upon review of the trial court's recitation of the facts and issues in this matter we find that the court was sufficiently familiar with the underlying facts of this case, even though a different judge presided over the hearing to address the award of attorney's fees.
In its related third assignment of error, NOBR asserts that the trial court erred in awarding only a portion of what it argued would be a reasonable fee. While NOBR argues that it prevailed in full and should be entitled to the full amount of attorney's fees, LSPCA argues that NOBR prevailed in part and it acted in good faith throughout this litigation in objecting to NOBR's request. Due to their "good faith," LSPCA argues the trial court's award is appropriate.
NOBR, however, argues that the good faith argument is of no relevance in determining attorney's fees when a party prevails. NOBR also argues that the trial court improperly relied upon the "white paper" to support its position that LSPCA
*55 acted in "good faith," which is an argument we reject. In Ferguson , 623 So.2d at 715, this Court stated:
While we do not rule out the possibility that exceptional circumstances might warrant consideration of a custodian's good faith in determining whether to award attorney's fees under R.S. 44:35(D), that must be the exception rather than the rule .
(Emphasis added).
Similarly, in Innocence Project New Orleans v. New Orleans Police Department , 2013-0921, p. 7 (La.App. 4 Cir. 11/6/13), 129 So.3d 668, 673, this Court rejected a custodian's good faith assertion in reasoning that "The statute, however, does not provide for such an exception, and, in light of the need to protect the public's right to access public records, we see no justification to judicially create such an exception." LSPCA argues its opposition to the public body classification was based on a good faith interpretation of the PRL. It is undisputed that this litigation presented res nova issues. While "good faith" is not a determinative factor in this case, we nonetheless find that it is a factor worth consideration given the facts of the case before us.
Attorney fees are not allowed unless authorized by contract or statute. Brandner, 12-62, p. 4, 102 So.3d at 189, (citing Rivet v. State, Department of Transportation and Development , 96-0145, p. 10 (La. 9/5/96), 680 So.2d 1154, 1160 ). In this matter, attorney's fees are authorized pursuant to La. R.S. 44:35(D)(1). The trial court also considered the award of attorney's fees pursuant to La. R.S. 44:35(F).
La. R.S. 44:35(F) provides:
An award for attorney fees in any suit brought under the provisions of this Chapter shall not exceed the amounts approved by the attorney general for the employment of outside counsel.
In accordance with this statute, the trial court reviewed the "Maximum Hourly Fee Schedule" published by the Louisiana Attorney General on February 8, 2016. NOBR asserts that one counsel has thirty (30) years of experience practicing law and the other counsel has less than three (3) years of experience practicing law. The Fee Schedule provides the maximum hourly fee for attorneys with ten years or more is $ 225.00; the maximum hourly fee for attorneys with less than three years is $ 125.00.
In Roper , the First Circuit Court of Appeal stated "if a plaintiff only prevails in part, an award of attorney fees is discretionary with the court." Roper , 2016-1025, p. 28, 244 So.3d at 469. In other words, the court has the option to award only a portion of what it deems to be reasonable fees. An appellate review of these decisions is conducted under the abuse of discretion standard. Id. An abuse of discretion generally results from a conclusion that is reached "capriciously or in an arbitrary manner." Id. The trial court awarded $ 5,000.00 in attorney's fees and the full amount for litigation costs. The Roper court reasoned that "the trial court may render judgment for costs, or any part thereof, as it may consider equitable, and its assessment of costs will not be reversed on appeal in the absence of an abuse of discretion." Id. The trial court noted it found that NOBR prevailed in part, and we agree. In considering a reasonable award of attorney's fees, the trial court noted it considered the award pursuant to La.R.S. 44:35(F) and reviewed the "Maximum Hourly Fee Schedule" published by the Louisiana Attorney General. The trial court reviewed this schedule in conjunction with the invoices provided by NOBR. Further, the trial court noted it considered the *56 Williamson factors. This Court does not find that the trial court erred in awarding NOBR a partial amount in attorney's fees. We agree NOBR only prevailed in part. However, we do find that the trial court abused its discretion in awarding only $ 5,000.00 in attorney's fees in light of the applicable Williamson factors. In Brandner, the Court reasoned that courts "must consider each factor in light of the specific facts of each case." Brandner , 12-62, p. 5, 102 So.3d at 189. Therefore, based on our review of the Williamson factors, we find that the award for attorney's fees should be increased to $ 10,000.00.
CONCLUSION
For the foregoing reasons, we affirm the trial court judgment granting, in part, and denying, in part, NOBR's Motion to Assess Attorney's Fees and Penalties, and granting, in part, and denying, in part, LSPCA's Motion for Declaratory Judgment. However, this Court amends the trial court's award of attorney's fees to $ 10,000.00.
AMENDED, IN PART, AND AFFIRMED AS AMENDED.

The release of veterinary records is prohibited pursuant to La. Admin. Code Title 46, Part LXXXV, § 701(B)(1), which provides in part: "the veterinarian shall maintain such records and shall not release the records to any person other than the client or a person authorized to receive the records for the client." The release of veterinary records is also a violation of Section VII(C) of the Principles of Veterinary Medical Ethics of the American Veterinary Medical Association, which provides in part: "Ethically, the information within veterinary medical records is considered privileged and confidential. It must not be released except by court order or consent of the owner of the patient."

This "White Paper" was published in May 2017 by the Louisiana Legislative Auditor entitled "The Public Record Law and Private Entities Engaging in Public Functions Re: New Orleans Bulldog Society v. Louisiana Society for the Prevention of Cruelty to Animals."

NOBR's fourth assignment of error asserts that the trial court erred in concluding the "white paper" had any applicability to its claim for attorney's fees. LSPCA argues the trial court's reference to the "white paper" is to support the fact that this litigation expanded the PRL. We agree. We find the trial court cited this "white paper" to reference the Louisiana Supreme Court's finding that this litigation expanded the PRL to private entities that previously were not considered public entities under the law. Thus, we find this assignment of error has no merit and a robust discussion of it is not necessary for us to reach our conclusions.

La.R.S. 44:35(D)(1) was not designated as such at the time this matter was litigated. This statute was amended by Acts 2018, No. 394 § 1 to add La.R.S. 44:35(D)(2) ; thus, making the above cite La.R.S. 44:35(D)(1).